By the Court, Leonard, J.
It is insisted, for the defendant, that the statements of the insured, in his application for the policy, must be taken as warranties. These statements are incorporated and made part of the policy, and if the knowledge of the insured, concerning his health, or his vital organs, is of the same certain character as that of applicants for marine and fire risks, there can be no doubt that the'rule of construction should be the same.
In applications for marine and fire policies, the statements relate to material facts, and it is negligence or fraud on the part of the applicant for a policy, if he does not truly represent the facts. There is every reason in favor of holding such statements to be warranties.
In respect to life policies, it may be wholly different. The applicant may not know enough of the human system to be aware of the existence of some affection of a vital organ. The victim of Bright’s disease, or of an affection of the heart,- liver or lungs, may be, and often is, in the enjoyment of pick a condition of health and strength as to lead him to the belief that his vital organs are all sound. It would be monstrous to hold, in such a case, that the applicant Warranted himself to be sound, as 'to those organs, by an answer to the effect that he was never sick, or had no disease of those organs. The company retain their own medical advisers for the purpose of making a careful and scientific examination of *75 all applicants, for life insurance; and they are far better able to detect incipient disease than the subject, in most cases. I think these statements are not understood or intended by the parties as warranties. I think the judge,' at the trial, properly held that the inquiry was one of honest and fair dealing on the part of the applicant ; and that the statements concerning the condition of Ms health were not warranties.
I have observed the decision in Miles v. Conn. Mu. Life Ins. Co., (3 Gray, 580;) wich fully sustains the point urged by the defendant’s counsel. It is not founded upon any analogous case of a life insurance policy; uMess it be the case of Vose v. Eagle Life and Health Ins. Co., (6 Cush. 42.) But a reference to tMs latter case shows that it was decided upon the misrepresentation of the assured, as well as upon the ground of warranty; and upon the last mentioned branch of the case, no authority is cited in support of it. I am not aware that a like rule has been held in the State of New York, and I am unwilling to originate such a doctrine as law.
The assured must state all that he knows, bearing upon the condition of Ms health; and any untrue statement or concealment in tMs respect ought, justly, to render the policy void. In all respects where it appears, or can be proven, that the applicant had any knowledge of the facts called for by the interrogatories, it matters very little whether the answer be held a warranty, or not, inasmuch as an untrue statement will be a misrepresentation or fraud wMch will equally render the policy void.
There is, however, a material fact in the case under consideration as to wMch the insured had actual knowledge ; and Ms answer can be regarded in no other light than an intentional concealment and fraud. He was asked to name the physician usually employed by him, and if he had none, then to name any other doctor who *76 could be applied to for information upon the state of his health; His answer was, “none.” The fact was, that he had occasionally applied to Doctor Holán, for remedies for a severe cough of long standing, shortness of breath and profuse expectoration, during six or seven years between 1861 and 1868, and Doctor Holán had prescribed for him.
[First Department, General Term, at New York,
November 4, 1872.
Ingraham, Gilbert and Leonard, Justices.]
He had also applied to the Excelsior Life Insurance Company, and had been examined by Doctor Fowler, as the medical adviser of that company; and his application had been refused on the certificate of that examination. That examination was on the 9th of October, and his answers to the written questions, on the application in this case, were made on the 18th of the same month. He had stated to Dr. Fowler, on that occasion, that he discharged from his lungs very profusely, at times; that he had coughed all of the last night, and “coughed up” a good deal, and that the expectoration was streaked with blood; that he had night sweats, sometimes several nights in succession. This was proven to have been chronic, and necessarily of long standing.
The applicant knew that both of these doctors could give important information as to his health, but he did not mention them, but said in effect, on the contrary, that there were none who could afford such information. There was no contradiction of evidence, on this point. It was clearly a fraudulent concealment, and ought to have been so held, as a matter of law. There was no answer to it.
The motion to dismiss the complaint ought to have been granted. It was not for the jury to say whether the applicant was justified in giving the answer which he did; and the charge was erroneous, in this respect.
There must be a new trial, with costs to abide the event.