CHARLOTTE E. PATTEN, Respondent, *v.* UNITED LIFE AND ACCIDENT INSURANCE ASSOCIATION, Appellant.

*Life insurance — rescission of reinstatement of policy — rescission for fraud — knowledge of falsity of representations.*

When a policy of life insurance has been reinstated after default in the payment of a premium, upon representations, the truth of which is not guaranteed or made a part of the contract, the insurance company can avoid its agreement to reinstate the policy only on the ground of fraud, and to constitute fraud, it must be shown that the insured, at the time he made the representations for the purpose of procuring reinstatement, knew, or had cause to know, or was necessarily presumed to know, that his statements were false.

APPEAL by the defendant, the United Life Insurance Association, sued as the United Life and Accident Insurance Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 30th day of January, 1893, upon a verdict rendered at the New York Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes.

*E. Oldham,* for the appellant.

*J. A. Shoudy,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover $1,000 upon a policy of insurance issued by the defendant upon the life of Jarvis Patten for the benefit of his widow, the plaintiff. The defense set up by the answer was, that by the express provisions of the policy, Jarvis Patten was obliged to pay to the defendant within certain times, sums of four dollars, and that upon default in payment of any of said

sums within the times mentioned in the contract, the policy should lapse and be void; and that he did in fact default in the payment of one of these installments, which became due and payable to the defendant under the terms of the contract of insurance; and that on or about April 23, 1888, Patten induced the defendant to reinstate him as a member, and to reinstate his policy, by stating and representing to the defendant, in writing, that he was in good health, and that no material facts regarding his past health or present condition had been omitted. The answer then alleged that the defendant, relying upon the truth of said statements, and induced thereby, received and accepted from said Patten a payment theretofore due, and reinstated him as a member, upon the terms and conditions previously existing; and further, that since the death of Patten, defendant had been informed, and verily believed, that the statements and representations of Patten were false and untrue, and were known by him at the time he made them, to be false and untrue; and that in truth and fact, said Patten then well knew that his health was bad; and that defendant had rescinded said contract or policy, and had duly tendered, and in said answer offered to return the sum of four dollars so paid, received and accepted on the false statements and representations of Patten, as before alleged.

Upon the trial, evidence was given upon the part of the plaintiff and defendant, and the case was submitted to the jury, and the only questions raised are those of exceptions to the charge.

It is urged that the court erred in charging that, to sustain the defense, it was necessary for the defendant to prove that Patten knew the statements made by him touching his health on the 19th of April, 1888, were untrue. We think that the court committed no error in thus holding. This was the issue tendered by the answer. The agreement to reinstate the policy was sought to be rescinded upon the ground of fraud; and unless Patten, at the time he made the representations in question for the purpose of procuring the reinstatement of the policy, knew, or had cause to know, or was necessarily presumed to know, that his statements were false, then he certainly was not guilty of fraud. The whole ground upon which this claim of rescission rests, as already stated, is that of fraud. And it is difficult to see how a party can be guilty of fraud when

he does not know, has no reason to believe, and cannot be presumed to know, that his representations are false.

The question as to misstatements in the application to reinstate the policy in the case at bar is entirely different from that which would have arisen had there been misstatements in the application for the policy itself. In such case, if the truth of the statements is guaranteed by the provisions of the contract itself, they enter into the essence of the contract and form a part thereof. But upon the application to reinstate in the case at bar, there being no such guaranty, the company can only avoid its action by showing the existence of fraud. And the authorities cited by the learned counsel for the appellant all relate to false representation of material facts in the application for a policy, which policy contained a guaranty, and not for a reinstatement thereof, in which such guaranty was absent.

The court did charge that if the jury found that Patten was not in good health on the 23d of April, 1888, the date at which the policy was reinstated, their verdict must be for the defendant. This, we think, was giving to the defendant a more favorable rule of law than legal principles required.

The judgment should be affirmed, with costs.

FOLLETT and BARRETT, JJ., concurred.

Judgment affirmed, with costs.