(8 Misc. Rep. 499.)

### BERNARD v. UNITED LIFE INS. ASS'N.

(City Court of New York, General Term. May 18, 1894.)

1. LIFE INSURANCE—FALSE STATEMENTS IN APPLICATION.

     Where the application contains a warranty of the truth of all the answers to questions therein, and states that the person taking the application

shall be the agent of applicant as to all statements and answers, a false statement will avoid the policy, though made by the person writing the application.

2. SAME—KNOWLEDGE OF INSURED.
Where the insured warrants statements in the application to be true, an untrue statement is a breach of warranty, and it is immaterial whether or not the insured knew that it was untrue.

Appeal from trial term.

Action by Mary C. Bernard against the United Life Insurance Association. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Harry Wilber, for appellant.

Lyman W. Redington, for respondent.

McCARTHY, J. This action was brought to recover $1,000 on a policy of insurance issued on the life of Elizabeth Kelly by the defendant, payable to the plaintiff. The answer is entirely affirmative. The defense is based upon alleged breaches of warranty by Elizabeth Kelly of the truth of statements made by her in writing, and upon which warranty the policy was issued. The cause was tried before the court and a jury. The plaintiff, after rebuttal, rested, whereupon defendant's counsel moved that the court direct a verdict for defendant (motion denied; exception), and then moved for a dismissal of the complaint (motion denied; exception); the court saying, "I shall submit to the jury the question as to whether the representations were known to the insured to be false at the time they were made." At the close of the testimony, defendant's counsel renewed the aforesaid motions, with like denials and exceptions. The court thereupon charged the jury, to which charge the defendant's counsel took the following exceptions: (1) To that part of the charge wherein it is charged that Elizabeth Kelly must have known her statements to be false, before the jury can find for the defendant. (2) To that part of the charge wherein it is charged that, if Elizabeth Kelly did not know she had been rejected, the company is liable. (3) To that part of the charge wherein it is charged that, if plaintiff relied on the statements made by the company or its officers, and which were made after the issuance of the policy, even although those statements were not in writing, or signed by the officers, plaintiff can recover. The plaintiff must stand or fall on the contract or policy, and the applications which form part thereof, and are in evidence. By these the plaintiff agreed that the answers and statements in this application, whether written by the applicant or not, are warranted to be full, complete, and true, and that this agreement, and the constitution and by-laws of the association, with the amendments thereto, together with this application, are hereby made part of any policy that may issue hereon; that if any of the answers or statements made are not full, complete, and true, or if any condition or agreement shall not be fulfilled as required by such policy, the policy issued hereon shall be null and void, and all money paid thereon shall be forfeited to such association; that

the person soliciting or taking this application, and also the medical examiner, shall be agents of the applicant as to all statements and answers in this application. This then made the person soliciting and taking this application the agent of the applicant as to all statements and answers contained in the application, and binding on the insured, and any untrue or false statement or answers made by him must bind and control her liability in accordance with the terms of the contract. Elliot v. Association, 76 Hun, 378, 27 N. Y. Supp. 696. Whether she personally knew them to be true or untrue is immaterial. His acts were the acts of the insured, and bind her. It is conceded that the answers to some of the questions as contained in the application are untrue. If Donovan was the agent of the insured, as provided for, there is a breach of warranty, and this policy is null and void. Donovan may represent the defendant, but it had the right to limit and fix his position, authority, and relation as between the insured and itself. Quinlan v. Insurance Co. 133 N. Y. 356, 362, 364, 365, 31 N. E. 31. The trial justice therefore erred in his charge to the jury as to the representations made, and that they must be known to the insured, at the time she made the application, to be false, before defendant can recover. Under this contract it is immaterial. These contracts are considered fair and reasonable, and are upheld by authority. For these reasons, judgment must be reversed, and new trial ordered, with costs to abide the event.