### BREEZE v. METROPOLITAN LIFE INS. CO. .

(Supreme Court, Appellate Division, Fourth Department.    December 18, 1897.)

1. INSURANCE APPLICATION—VARIANCE BY PAROL.
    A party who has not the possession, and is not entitled to the possession until the trial, of an application for an insurance policy, may plead it as containing her name as beneficiary when signed by the assured; and if, when produced, it contains another name, she may prove by parol evidence that it was originally as she has pleaded it; such evidence not being objectionable on the ground that it varies the terms of the application, nor as an attempt to reform the instrument.

2. TRIAL—INSTRUCTIONS—OBJECTIONS.
    Where the court makes a charge upon a mistaken supposition, and counsel does not call the court's attention to the mistake, an exception to the charge as made will not be considered.

3. LIFE INSURANCE—WARRANTIES AS TO HEALTH—BREACH.
    Where a statement of assured, in the application, that he was in sound health, is made a warranty, it is not necessary, to constitute a breach, that assured should have been at the time of unsound health to such an extent that he must have realized it.

Appeal from trial term, Cayuga county.

Action by Ida J. Breeze, by her guardian ad litem, against the Metropolitan Life Insurance Company. From a judgment entered upon a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frank S. Coburn, for appellant.
Frank C. Cushing, for respondent.

WARD, J. The complaint in this action is based upon a life insurance policy issued by the defendant to William Robertson, of the

48 N.Y.S.—48

city of Auburn, whereby his life was insured in the sum of $500; and upon his death the plaintiff claimed to be the beneficiary under said policy, and entitled to recover that amount. The complaint referred to the application upon which the policy was issued, and contains this statement:

"That in the application for said insurance by said Robertson, which was in writing, Ida J. Breeze, this plaintiff, was named by said insured, William Robertson, as the beneficiary to whom said insurance should be payable upon the death of said insured; and it was consented to and agreed by the defendant that said Ida J. Breeze should be the beneficiary, and entitled to said insurance upon the death of the said insured, William Robertson."

The application was forwarded to the office of the defendant, and was retained by it until the trial, when it was produced; and, when produced, the plaintiff's attorney, for the first time, discovered that the plaintiff was not named as beneficiary therein, but it there appeared as follows:

"No. 13. Name, etc., of beneficiary, subject to provisions of policy applied for, as to payment. To his estate."

The policy provided that the company—

"May pay this policy to either the executor or administrator, husband or wife, or any relative of the blood, or lawful beneficiary, of the insured."

The application contained the statement that:

"The undersigned hereby declares and warrants that the representations and answers made above, and on the other side of this sheet, are strictly correct and wholly true. That they shall form the basis, and become a part, of the contract of insurance, if one be issued. That any untrue answers will render the policy null and void, and the said contract shall not be binding upon the company unless, upon its date and delivery, the insured be alive and in sound health."

In answer to the ninth question in the application, "Is said life now in sound health?" the answer was, "Yes." In answer to the question, "Age, next birthday?" the answer was, "Fifty-nine years." The policy contained the provision that in consideration of the answers and statements contained in the printed and written application for the policy, "all of which are hereby made warranties, and are hereby made a part of this contract," and of the payment, etc., the policy was issued.

Upon the trial the plaintiff proved, over the defendant's objection and exception, that when the application was signed by the insured the name of the plaintiff was inserted as beneficiary therein. The defendant's agent also testified to the same effect. Aside from the face of the paper, there was but slight proof that this was not so, and there was evidence sufficient to go to the jury upon the question whether the plaintiff's name was so inserted. The learned counsel for the defendant seriously urges that the reception of this evidence was error; that the plaintiff, having produced the application upon the trial, and counted upon it in the complaint, could not prove by parol the name of any other beneficiary than that which appeared in the application; and that the name of the beneficiary contained in the application (the estate of the insured) prohibited

a recovery in the action by the plaintiff. The complaint was not amended. Had it counted upon the application as it appeared when produced upon the trial, some force could be attached to this argument; but the plaintiff did not have the possession of this paper, nor was she entitled to its possession until it had been produced upon the trial through the machinery of the law. It was not the plaintiff's paper, and she might count upon it as she understood it to be; and if a different paper was produced upon the trial by the defendant, who had the custody of it, she had the right to prove, if such were the fact, that when the paper left the custody of the insured, upon its execution by him, it contained the precise provision alleged in the complaint. This is not seeking to prove the contents of a written instrument by parol. It is simply to prove by parol what the instrument really was. Nor is it an attempt to reform an instrument, or change what its real terms were. It is simply proving the fraud against the plaintiff in the unauthorized alteration of the instrument. Therefore this contention of the defendant cannot be sustained. Martin v. Insurance Co., 101 N. Y. 498–503, 5 N. E. 338.

The learned trial judge charged the jury as follows:

"An insurance company has a right, in making its contracts, to stipulate that representations in respect to age shall be correct and truthful. If the assured should misrepresent so material a matter as his age, you can readily see how it would affect, not only the rights of the company, but the interests of all its members,—particularly if it is a mutual insurance company. * * * It appears that the assured stated in his application that his age was fifty-nine years, or thereabouts. Now, it is claimed on the part of the defendant company that it has introduced evidence tending to show that he was a much older man than that,—just how much older it does not exactly appear, but that he must have been considerably older. If you are satisfied from all the evidence that the assured was materially older than he represented himself to be in the application, that would be such a breach of the warranty as would prevent a recovery on the part of the plaintiff, or if he represented himself to be a sound and healthy man, when in fact he was of unsound health, and to such an extent that he must have realized it, then that would be such a warranty that a breach of it would, for itself, be a good defense to this action."

At the close of the charge the counsel for the defendant requested the court to charge that, if the jury should find that the assured misrepresented any statement as to his age in the application, the plaintiff could not recover. This the court declined, "except as charged." No exception was taken to this ruling. The counsel also requested the court to charge that if any material misrepresentation of fact were made in the application for insurance, even if the assured had no knowledge that the same was false, the plaintiff could not recover. The court declined to vary the charge in that regard, and the defendant excepted. The counsel also requested the court "to charge that, if the jury should find that the insured was not in good health at the time of the making of the application, the plaintiff could not recover." This the court declined, and the defendant excepted. The court subsequently said:

"I charge that the application is a part of the contract, and also that all representations made by the insured in respect to age and health, and to his last physician, are warranties."

The defendant's counsel makes the point that it was incorrect for the court to charge that the assured must be materially older than the age specified in the application, in order to constitute a breach of the warranty as to age. The court doubtless made this statement in consequence of its supposition that the statement in the application was that the age of the insured was 59, or thereabouts. But it will be seen, on turning to the answer as above set forth, that the answer was, "Fifty-nine years next birthday." That fixed a definite time, and had the defendant's counsel called the court's attention, after the incorrect statement of the answer by the court in his charge, to the true answer, and then excepted to the refusal to charge, much force would have been given to the exception. As it is, we pass this point without further consideration.

. We now reach a fatal exception. The warranty of the assured was that he was of sound health at the time of making the application, and the court refused to charge that this must be so; and we therefore turn to the statement in his charge upon that subject, which was:

"If he represented himself to be a sound and healthy man, when he was of unsound health, and to such an extent that he must have realized it, then it would be such a warranty," etc.

Under this charge. although the assured might have been seriously and fatally diseased. so that his life was terminated thereby in a short time after the policy was issued, if the disease at the time of the application had not so far advanced that the assured was conscious of it, or, in the language of the court, "realized it," the beneficiary could recover. This view is obnoxious to the spirit and purpose of the contract. The insurance was upon the life of the assured. The warranty was required that the assured was in sound health, so that he was likely to live for such a length of time as it would make it equitable and just that the defendant should insure that life for reasonable premiums. If the statement as to health was simply a representation, and the defense was that that representation was fraudulent, the charge of the learned trial judge might be sustained; but the statement being a warranty, and made so by the contract itself, the fact that the insured may not have realized it did not constitute an answer to the breach of warranty in this regard alleged in defendant's answer. Elliott v. Association, 76 Hun, 378, 27 N. Y. Supp. 698; Foot v. Insurance Co., 61 N. Y. 576; Bernard v. Association (City Ct. N. Y.) 28 N. Y. Supp. 756. The learned counsel for the respondent cites Grattan v. Insurance Co., 92 N. Y. 274, as sustaining the charge of the trial judge in the respect we are considering. That was a case where the statement contained in the application for a policy of life insurance was that a third person was in good health; and the court held that that statement did not mean an actual freedom from illness or disease, but simply that the person had indicated, in his actions and appearance, no symptoms or traces of disease, and, to the ordinary observation of a relative or friend, is, in truth, well. The remarks of Judge Finch in the opinion as to the test in such cases must be un-

derstood with reference to the case before him. The insurance company understood that the statement was not made by the person whose health was in question, but by another person, whose judgment or statement as to that health was founded upon the observation of such other person, and the contract was to be construed with reference to that situation. And Judge Finch says at page 280:

"One who is not a doctor, and speaks not of himself, but of a third person, necessarily gives rather an opinion founded on observed facts, than an absolute and accurate fact, when he describes the health of such person as good."

We have carefully examined the case cited, and find it so dissimilar from the case at bar that it affords us but little aid in disposing of the exception last considered. Other exceptions are pressed upon our consideration by the learned counsel for the defendant, but we do not deem it necessary to review them here.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide event. All concur.