-erty in the chattel, or where it (the chattel) was restrained doing damage (Code Civ. Proc. §§ 1720, 1730), or where it was delivered to the plaintiff and damages have accrued to the defendant through the detention (Code, §§ 1725, 1730). The "sums awarded by the judgment," to which the statutory undertaking has reference, are damages such as the statute authorizes in a replevin suit, and the damages sought to be recovered in this case were therefore not within the scope of the undertaking.

The complaint was properly dismissed, and the judgment appealed from is accordingly affirmed, with costs. All concur.

---

(48 Misc. Rep. 386.)

### CARMICHAEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Term. November 3, 1905.)

1. INSURANCE—LIFE POLICY—BREACH OF WARRANTY—PLEADING—BURDEN OF DEFENDANT.

Breach of warranty is an affirmative defense, which defendant in an action on a life policy must plead and prove.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1617, 1618.]

2. SAME—VARIANCE.

There is no variance between the complaint on a life policy, setting forth the application and answers and alleging full compliance by insured with the terms of the policy, and proof that certain questions, which had apparently been incorrectly answered by insured, had been correctly answered, though incorrectly recorded by defendant's examining physician.

3. APPEAL—AMENDMENT—HARMLESS ERROR.

Where the evidence was competent under the complaint as originally drawn, defendant was not prejudiced by its amendment to conform to the proof.

4. INSURANCE—CONDITION OF POLICY—GOOD HEALTH OF INSURED.

Under a life policy, conditioned that it should not be binding on the insurer unless at noon on the day of its date insured should be alive and in good and sound health, the policy being dated July 1st, and insured having died September 23d, and there being evidence that the primary cause of death was cancer, and the secondary cause was hemorrhage, and expert evidence that, if insured died of hemorrhage induced by cancer, he could not have been in good and sound health on July 1st, it was error to refuse an instruction that if insured was not in good and sound health July 1st, irrespective of whether he knew it, the policy never became effective.

Appeal from City Court of New York, Trial Term.

Action by Elizabeth Carmichael against the John Hancock Mutual Life Insurance Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

See 90 N. Y. Supp. 1033.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Langbein & Langbein (Leonard J. Langbein, of counsel), for appellant.

Nathaniel Levy, for respondent.

SCOTT, P. J.  In this action upon a policy of life insurance the plaintiff set forth in part of her complaint, not only the policy, but also the conditions and provisions indorsed thereon, and the application, declaration, and warranty signed by the insured.  The latter consisted of answers to a number of questions, and a declaration by the insured in which he warranted that the representations and answers made therein were complete, strictly correct, and true, that any false or untrue answer should render the policy null and void, and that the policy should not be binding upon the company unless at noon upon its date the insured should be alive and in good and sound health.  The complaint further alleged that the insured "in every way complied with the terms and conditions of said policy and fully carried out the terms agreed upon under the said policy."  The answer alleged breach of warranty, in that certain answers made by the insured as to his then condition of health, previous consultation with and treatment by physicians, and as to diseases he then or previously had, were false and untrue, and that said insured on the date of the policy was not in sound and good health. Among the questions asked and answers given were the following:

"Q. When did you last consult a doctor, and for what?  A. Not to his knowledge.  Q. Have you ever received treatment at any hospital, dispensary, or other institution?  If so, state when and for what.  A. No."

It was clearly shown by plaintiff's own testimony that these answers were untrue, and thus the defense of a breach of warranty was apparently sustained.  To avoid this result the plaintiff was permitted, under proper objection and exception, to show that those answers were not written down by the insured, but by the examining physician of the defendant company, and that the insured had in fact answered them correctly and in accordance with the facts as they were proven upon the trial, but that the physician had incorrectly recorded the answers.  This evidence was competent, if, owing to the nature of her pleading, the plaintiff was in a position to offer it.  Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625.  The defendant now insists, however, that to permit the introduction of this evidence was to change the issue made by the pleadings; that as the plaintiff had relied upon the policy and the application, and had pleaded strict compliance therewith, she should not have been allowed to recover upon the theory that the application and warranty were not, in so far as they were shown to have been false, the true act and warranty of the insured.  It is quite true that one cannot sue upon a contract, alleging strict performance, and succeed by proof of a waiver of performance or an excuse for nonperformance.  This is not, however, such a case.  It is true that the plaintiff alleges performance by the assured of all the terms and conditions of the policy, which means, among other things, that he made truthful answers to all the questions put to him, but does not necessarily mean that all the answers made for him by the company's representative were true.  Breach of warranty is an affirmative defense, which it is incumbent upon the defendant both to plead and prove.  Jacobs v. Northwestern Life Assurance Co. (Sup.) 51 N. Y. Supp. 967.  The medical examiner was the agent of the company in making the examination, taking down the answers, and reporting them

to the company.  His knowledge thus acquired, his interpretation of the answers given, and his errors in recording them are the knowledge, the interpretation, and the errors of the company itself, which is estopped from taking advantage of what it thus knew and what it had thus done when it issued the policy and accepted the premiums.   Sternaman v. Met. Life Ins. Co., supra, at page 25 of 170 N. Y., page 767 of 62 N. E. (57 L. R. A. 318, 88 Am. St. Rep. 625).   There was no variance between the pleading of full performance and the proof that certain questions, which had apparently been incorrectly answered, had in fact been correctly answered, although incorrectly recorded.

If, as we think, the evidence was competent under the pleadings as originally drawn, the amendment of the complaint to conform to the proof did not harm defendant and need not be considered.

We think, however, that the court erred in its refusal to charge one of the requests made by defendant.  It was one of the conditions upon which the policy was issued that it should not be binding upon the company unless, at noon upon its date, the insured should be alive and in good and sound health.   The policy was dated July 1, 1903, and the insured died on September 23, 1903.   The evidence was that the primary cause of death was "laryngeal cancer," and the secondary cause of death "hemorrhage."   There was also expert evidence to the effect that, if he had thus died on September 23d of hemorrhage induced by cancer, he could not have been in good and sound health on the 1st of the previous July.   The defendant requested the court to charge that:

"If the jury believe the fact, irrespective of whether the deceased knew it or not, that he was not in good and sound health on the 1st of July, 1903, then this policy of insurance never had any inception or binding force on the defendant, and the plaintiff cannot recover."

This was refused.  The condition of the policy was absolute.  The contract was never to take effect if at its date the insured was not of sound health, not if he knew himself to be in bad health.   It was the fact of his condition of health, and not his knowledge of the fact, which was agreed upon as the condition to determine whether the policy should become effective or not.   Breeze v. Met. Life Ins. Co., 24 App. Div. 377, 48 N. Y. Supp. 753.   The jury might or might not have found that the insured was in unsound health at the date of issue of the policy; but the defendant was clearly entitled to have the question submitted to them in the form he requested.   What the court did say upon the subject by no means satisfied defendant's legal rights.

Other exceptions have been pressed upon our attention which we do not deem it necessary at this time to consider.   For the error pointed out above the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.