### BAUM v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

Appeal from City Court of New York, Trial Term.

Action by Annie Baum against the Mutual Life Insurance Company of New York. From a judgment for defendant rendered by the City Court of the City of New York, plaintiff appeals. Affirmed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Freyer & Hyman, of New York City, for appellant.
Frederick L. Allen, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs.

BIJUR, J. (dissenting). This action was brought to recover the amount of an insurance policy issued upon the life of plaintiff's husband.

The learned court below charged:

"That it is immaterial whether Mr. Baum knew that he was not in good health or not at the time the policy was delivered; that, if he was not in good health at that time, then the policy of insurance never had any inception."

To which plaintiff's counsel excepted.

I think that this charge was erroneous and requires a reversal of the judgment.

The insured signed an application containing the following provision:

"All the following statements and answers and all those that I make to the company's medical examiner in continuation of this examination are true and

are offered to the company as an inducement to issue the proposed policy, which shall not take effect unless and until the first premium shall have been paid during my continuance in good health and unless also the policy shall have been issued during my continuance in good health."

Respondent sustains the charge above referred to upon this clause and upon the decision of Carmichael v. John Hancock Ins. Co., 48 Misc. Rep. 386, 389, 95 N. Y. Supp. 587, 589. He claims that the good health of the deceased at the time of the issuing of the policy was rendered by this provision a condition of the going into effect of the policy. I cannot so interpret the clause in question. In the first place, it must be pointed out that in the Carmichael Case the court said that "it was one of the conditions upon which the policy was issued that the assured should at the time be in sound health." To my mind this statement of the terms of the policy differentiates that case from the one at bar. As was said by Mr. Justice Harlan in Moulor v. American Ins. Co., 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447:

"If those who organize and control life insurance companies wish to exact from the applicant, as a condition precedent to a valid contract, a guaranty against the existence of diseases, of the presence of which in his system he has and can have no knowledge, and which even skillful physicians are often unable, after the most careful examination, to detect, the terms of the contract to that effect must be so clear as to exclude any other conclusion. * * * "

It will scarcely be questioned that a contract of this character would be somewhat out of the ordinary. Statements, even if they be warranties that a person is in sound health, are naturally and usually regarded as expressions of opinion in so far as any latent diseases may be concerned, and the warranty will be regarded as fulfilled if the answer thereto be made in good faith. See, for example, Henn v. Metropolitan Life Ins. Co., 67 N. J. Law, 310, 51 Atl. 689; Owen v. Same, 74 N. J. Law, 770, 67 Atl. 25, 122 Am. St. Rep. 413; Ames v. Manhattan Life Ins. Co., 40 App. Div. 465, 58 N. Y. Supp. 244, affirmed 167 N. Y. 584, 60 N. E. 1106; Horn v. Amicable Life Ins. Co., 64 Barb. 81.

On the other hand, where the parties deliberately provide in the contract that good health shall be a condition precedent to the validity of the agreement, actual good health, rather than the assured's belief therein, has been held to have been meant. Fraser v. Ætna Life Ins. Co., 114 Wis. 510, 90 N. W. 476; Packard v. Metropolitan Life Ins. Co., 72 N. H. 1, 54 Atl. 287. In the latter case, by the way, it is specifically pointed out that there was no warranty or representation in an application, but that the entire contract was contained in the policy, and there were peculiar provisions in the policy indicating the importance of its terms.

In Breeze v. Metropolitan Life Ins. Co., 24 App. Div. 377, 48 N. Y. Supp. 753, the assured warranted that his statements were "strictly correct and wholly true," and because of that feature the case is spoken of as "an exceptional case" in Jennings v. Supreme Council, 81 App. Div. 76, 81 N. Y. Supp. 90.

Following out the thought expressed in the Moulor Case, it would have been an easy matter to include in the terms of the policy the simple statement that it was not to take effect unless at the time of its

issuance the insured was actually in good health, regardless of the fact whether he was aware of any impairment or not.

Instead of such a statement, we find in the application a provision which logically does not belong there, if it means what it is now claimed to mean. True, the application is annexed to the policy, and therefore has become a part of the same; but every provision of every paper must be construed according to the meaning and intent of the parties, and particularly with reference to its context. In the same application in which this provision occurs are questions and answers in regard to the name, occupation, residence, and other circumstances of the insured. Then follow "Statements to Medical Examiner." There will be found, "7 (a) Are you now in good health?" to which the answer was, "Yes." "(b) If not, what is the impairment?" to which there was no answer. These are succeeded by other questions regarding physical condition.

Under these circumstances, and in this context, I think the provision is not intended to be either a condition of the policy or a warranty, "strict" or otherwise, but merely a clause extending for the purposes of the issuance of the policy the answers of the insured to the questions referred to, to the date of the issuance of the policy and making them effective as of that date. Otherwise there would be no sense or relevancy in the word "continuance" in the phrase "during my continuance in good health." Continuance necessarily refers to an antecedent state. The only antecedent state referred to in the papers involved in this case is the statement of the assured above quoted in answer to the question, "Are you now in good health?" This answer, under our Insurance Law, is a representation and not a warranty, and knowledge of the falsity of the answer, if such there be, must be brought home to the insured in order to defeat the policy therefor.

It is interesting to note that in Ames v. Manhattan Life Ins. Co., 40 App. Div. 465, 58 N. Y. Supp. 244, supra, the application for the policy contained a stipulation almost precisely similar to the one in the case at bar, except that, instead of the words "during my continuance in good health," it read "during my good health." Even in that case the statements were held to be measurable only by the knowledge and good faith of the assured.

Under the circumstances, and in the context above outlined, the subscription of the assured to that clause in the application now under discussion must, to my mind, be construed as nothing more than a statement by the assured that he makes on the date of the issuance of the policy the same statement as to his good health which he made at the time he actually signed the application.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.