HENRY VAN WYCK, Respondent, v. SANTO MANNINO, Appellant. (Action No. 1.)

HENRY VAN WYCK, Respondent, v. SANTO MANNINO and BELL-PORT DISTRIBUTING CORPORATION, INCORPORATED, Appellants. (Action No. 2.)

Second Department, February 6, 1939.

*Alexander G. Blue,* for the appellants.

No appearance for the respondent.

TAYLOR, J. These actions were tried together. Separate verdicts were rendered, upon which the respective judgments appealed from were entered. Action No. 1 was brought to recover damages for plaintiff's wrongful discharge by the defendant therein from employment as a driver and salesman under a written contract for the period of one year commencing September 5, 1935. A trial of the issues resulted in a verdict for plaintiff in the sum of $900, upon which the judgment appealed from was entered. Action No. 2 was brought by the same plaintiff against the same defendant and Bellport Distributing Corporation, Incorporated, to recover damages for the defendants' alleged malicious interference with plaintiff's contractual rights under a contract of employment, entered into subsequent to plaintiff's discharge, with one Rosenstein, doing business as Main Street Bakery. A verdict in favor of plaintiff for $600 was rendered, upon which the judgment appealed from was entered. In Actions Nos. 1 and 2 an order was entered denying defendants' motions to set aside the verdicts and for a new trial on the ground of alleged newly-discovered evidence and in the interests of justice. From that order the defendants also appeal.

Implicit in the jury's verdict in Action No. 1 is a finding upon sufficient evidence that .defendant therein on January 4, 1936, wrongfully discharged the plaintiff from his employment under the one-year contract, and, therefore, at a time when the unexpired term of employment was thirty-six weeks. The uncontradicted evidence showed that plaintiff's earnings under the contract theretofore had averaged $23 to $25 weekly. Plaintiff, therefore, was entitled *prima facie* to recover damages, at the amount in effect stipulated in the contract, for the unexpired term, which amount the jury fixed at $900 — 36 weeks at $25 per week. (*Howard* v. *Daly,* 61 N. Y. 362.) Such amount, however, was in law subject to reduction by proof, which it was the duty of defendant to produce (cases *infra*), that the plaintiff had,or could have secured remunerative employment during the unexpired term. That the duty of coming forward with such proof as a basis of such reduction, if any, was upon the defendant is well established. (*Vide Howard* v. *Daly, supra,* at p. 371; *Milage* v. *Woodward,* 186 N. Y. 252, 257; *Ware Bros. Co.* v. *Cortland C. & C. Co.,* 192 id. 439; S. C., 210 id.

122, 125.) Plaintiff testified that in certain employment subsequent to his discharge but during the unexpired term, he received $15. This amount is not reflected in the verdict for $900. He testified also that he had other employment during the same period, but did not state the amount received by him therefor; nor did defendant inquire of him as to those earnings received, if any. Therefore, the only proven basis of reduction was plaintiff's receipt of $15, by which amount only the verdict is excessive as matter of law. That sum should be struck from the verdict, the judgment modified accordingly, and as thus modified affirmed.

In Action No. 2 plaintiff failed to prove facts sufficient to constitute a cause of action for malicious interference by the defendants with his contractual rights under his subsequent employment by Rosenstein (Main Street Bakery), which was at will. The record is barren of proof of such, or any, interference by the defendant Mannino; and even if we assume that the other defendant, Bellport Distributing Corporation, Incorporated, maliciously interfered as alleged, nevertheless the cause of action was not established, for the plaintiff's contractual rights existed only by reason of a contract at will (*Watson* v. *Gugino*, 204 N. Y. 535, 541; *vide Posner Co.* v. *Jackson*, 223 id. 325) and plaintiff established no resultant damage. " Such interference constitutes a legal wrong, *and if damages result therefrom* a valid cause of action exists therefor." (HUBBS, J., in *Hornstein* v. *Podwitz*, 254 N. Y. 443, at p. 448; italics mine.)

The order in Actions Nos. 1 and 2 denying defendants' motion for new trials was properly made. As far as Action No. 2 is concerned, however, the appeal from that order has become academic by reason of our determination above indicated, and should, therefore, be dismissed. As far as Action No. 1 is concerned, the order should be affirmed. Defendant's showing was insufficient to warrant the granting of the motion. The alleged newly-discovered evidence consisted of the opinion of a handwriting expert to the effect that the purported signature of the plaintiff upon a contract of employment in writing between the defendant Bellport Distributing Corporation, Incorporated, and plaintiff, for a term commencing January 1, 1936, was genuine. Plaintiff disputed this signature. The question was litigated intensively on the trial. The jury determined that the signature was not that of plaintiff. If he had executed that contract it would have defeated his claim in these actions. Not until after the trial did the defendants retain the handwriting expert. Aside from other considerations militating against the granting of the motion, such evidence would have been merely cumulative; and there was no showing that there would have been a different result on a new trial.

The judgment in Action No. 1 should be modified by deducting therefrom the sum of fifteen dollars, and as thus modified affirmed, without costs. The judgment in Action No. 2 should be reversed on the law, with costs, and the complaint dismissed, with costs. The order appealed from should be affirmed, without costs, in so far as it denies a new trial in Action No. 1; the appeal therefrom, in so far as review of that order in Action No. 2 is sought, should be dismissed, without costs.

LAZANSKY, P. J., HAGARTY, DAVIS and ADEL, JJ., concur.

Judgment in favor of the plaintiff against the defendant in Action No. 1 modified by deducting therefrom the sum of fifteen dollars, and as thus modified affirmed, without costs. Judgment in favor of plaintiff against defendants in Action No. 2 reversed on the law, with costs, and complaint dismissed, with costs. Order denying defendants' motions for a new trial on the ground of newly-discovered evidence and in the interest of justice, in so far as it denies such motion in Action No. 1, affirmed, without costs. Appeal therefrom in so far as review of that order in Action No. 2 is sought, dismissed, without costs.