LUCY SOMMER, Appellant, *v.* GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.

Argued October 10, 1939; decided November 21, 1939.

*Clarence G. Bachrach* and *Samuel S. Bisgyer* for appellant.

510

*Victor E. Whitlock* and *Joseph Fischer* for respondent.

LEHMAN, J. The defendant in 1930 issued a policy insuring the life of Morris Sommer in the sum of $7,000. The plaintiff was the wife of the insured and was named in the policy as the beneficiary. Failure to pay the semi-annual premium due on March 11, 1935, caused the policy to lapse; but it was reinstated upon the written application of the insured in which the insured stated: " For the purpose of inducing the company to reinstate said policy, I hereby declare that I am now in sound health and that

within the past two years  *  *  *  I have had no disease, injury, or impairment of health; that I have not consulted nor been treated by any physician, surgeon, or practitioner." The insured died on November 28, 1935. The defendant company refused to pay the policy on the ground that the representations in the application were false.

A judgment in favor of the plaintiff was reversed by the Appellate Division and the complaint dismissed on the ground that *as matter of law* the representations contained in the application are false and furnish ground for avoidance by the company of the policy of insurance. The defendant at the trial had the burden of proof upon its affirmative defense of misrepresentation by the assured. All questions of fact were decided at the trial by the trial judge in favor of the plaintiff. The problem presented upon this appeal is whether the proof of misrepresentation, produced at the trial, was so conclusive that the trial justice was bound to direct a verdict in favor of the defendant.

We assume, for the purposes of this appeal, that the assured died of " coronary thrombosis " or " an acute coronary occlusion." We assume further, though only arguendo, that the " coronary thrombosis " was accompanied or induced by a " fibrosis of myocardium " and that the evidence establishes without dispute that the heart and arteries of the insured were in a diseased condition long before the condition caused death; that, at the time the assured applied for a reinstatement of the policy, a careful examination of the assured by competent physicians would have disclosed that the health of the assured was impaired and that his impaired physical condition would be described by laymen as " heart disease." The record does not disclose that competent physicians did, in fact, make such an examination or discover the condition, or that the insured was conscious of any impairment of health or suffered any pain or inconvenience from it. On the contrary, the evidence shows that until about a week before his death the insured did not complain of any aches or pains; went to his place of business every morning and worked there

till evening. The defendant company now contends that it appears, conclusively, that the representations of good health and freedom from disease were false, and that, because of such falsity, the company may avoid its policy even though the insured may have made these representations in good faith and in the honest and justified belief that they were true.

There can be no doubt that as matter of law the representations made by the insured were material, for they induced the company to renew the lapsed policy. There can also be no doubt that a false representation, if material, " constituted a defense although made innocently and without any feature of fraud." (*Eastern District P. D. Works, Inc.,* v. *Travelers Ins. Co.,* 234 N. Y. 441, 450.) In form the representations are statements of fact made without qualification or reservation; but they are statements of fact upon a subject concerning which the applicant could not have absolute knowledge and which, indeed, is not susceptible of completely objective appraisal or definition. The defendant company undoubtedly knew that the applicant could state only his own opinion that he had no disease and that he was conscious of no malady or condition which impaired his health. If his representations mean only that and are understood to give no assurance beyond that, the proof of falsity is far from conclusive. If, in spite of their nature, these representations are strictly construed as absolute and unqualified representations that the applicant is free even from a latent and unknown disease which causes him no pain or inconvenience and does not interfere with his usual activities, then the representations are false.

Except where the Legislature has, by statute, regulated the form and content of policies of insurance, it is doubtless competent for a life insurance company to exact from an applicant for insurance a *warranty* that the applicant is free from disease or from impairment of health, however slight, regardless of whether such disease or impairment of health is known or unknown, latent or apparent. It may, when not restricted by the Legislature, condition the valid

inception of a contract of insurance upon the existence at the time of perfect and complete health, free even from temporary slight impairment; but such warranty or condition should be phrased in clear and unequivocal terms. (*Moulor v. American Life Ins. Co.*, 111 U. S. 335.) Here we are dealing with a representation and not a warranty or a condition. The applicant does not guarantee the literal truth of the statement, nor do the parties condition their contract upon the existence of good health. The representation is not part of the contract; it is a "statement inducing the formation of the contract as distinguished from an affirmation of fact or a promise incorporated in and material to the contract." (3 Williston on The Law of Contracts, [Rev. ed.] § 673; Vance on The Law of Insurance, pp. 389, 390; 4 Couch, Cyclopedia of Insurance Law, §§ 824, 885.) Such statements must be construed in the light of their purpose to furnish to the company information which will enable it to decide whether it shall make a contract of insurance in which the information furnished will not be incorporated as an affirmation of fact.

The courts, both State and Federal, have generally construed statements that an applicant was in good health or free from disease as a representation only that the applicant in good faith believed and was justified in believing that his health was not impaired by any condition which would ordinarily be regarded as a "disease." The representation cannot reasonably be understood as intended to do more than convey to the company such information as the applicant might be expected to have and to give to the company assurance that the applicant has had no symptom of disease which would, ordinarily, act as a warning or notice, even to a layman, that his health might be impaired in substantial degree, and assurance that the applicant, in good faith, believes that he is in fact a well person. Even statements of good health or freedom from disease which are made in the form of a warranty are usually construed merely as representations and statements of opinion, since it is plain that the insured or applicant cannot speak with positive

knowledge. (Cf. *Patten* v. *United Life & Accident Ins. Assn.*, 70 Hun, 200; affd. on opinion below, 141 N. Y. 589; *Grattan* v. *Metropolitan Life Ins. Co.*, 92 N. Y. 274; *Horn* v. *Amicable Mut. Life Ins. Co.*, 64 Barb. 81; *Cushman* v. *U. S. Life Ins. Co.*, 70 N. Y. 72; *Ames* v. *Manhattan Life Ins. Co.*, 40 App. Div. 465; *Moulor* v. *American Life Ins. Co.*, *supra;* *Phœnix Life Ins. Co.* v. *Raddin*, 120 U. S. 183; *Fidelity Mut. Life Assn.* v. *Jeffords*, 107 Fed. Rep. 402; *Evans* v. *Penn Mut. Life Ins. Co.*, 322 Penn. St. 547.)

The only question which remains is whether the record shows conclusively that the representation was false, that the insured had not " consulted or been treated by any physician, surgeon, or practitioner." The records of New York Orthopedic Hospital show that on August 1, 1934, a man who gave the name of Morris Sommer visited the clinic or dispensary and there consulted an interne and received a prescription or treatment for some ailment. The nature of the ailment is stated in the hospital records offered in evidence by the defendant, but that part of the record was excluded upon the plaintiff's objection. If the insured, Morris Sommer, was the same person who gave the name of Morris Sommer and was treated at the dispensary in August, 1934, then the representation made by the applicant was false and may not be disregarded as immaterial. (*Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289; *Anderson* v. *Ætna Life Ins. Co.*, 265 N. Y. 376; *Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63.)

We assume for the purpose of this appeal that the records of the hospital were admissible in evidence to show that the insured was treated there and that identity of name establishes *prima facie* identity of person, especially since the records show also identity in the name of the wife and the country of birth. (*Hatcher* v. *Rocheleau*, 18 N. Y. 86; *People* v. *Snyder*, 41 N. Y. 397; *People ex rel. Haines* v. *Smith*, 45 N. Y. 772; 5 Wigmore on Evidence, § 2529.)

Any presumption of identity of person arising from identity of name and these other circumstances, is not, however, conclusive. There may be other persons of the same name

or the person visiting the dispensary may have chosen to cloak his identity by assuming the name of the insured. The address given by that person is not the address of the insured and other discrepancies cast doubt upon the presumed identity. In such circumstances it cannot be said as matter of law that the insured was the person who visited the dispensary on August 1, 1934, and the question of fact was resolved against the defendant.

It follows that the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division. ·

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.