Henry Epstein, J.
All parties waived a jury. Plaintiff seeks recovery of damages, first, against the corporate defendant for breach of an employment contract, second, for breach of warranty of authority to act, against defendants Greenbanm, Baron and the estate of Tenie Levy, deceased. Morris Levy who owned the corporate business died in 1943. His widow, Tenie Levy, and defendants Greenbanm and Baron were trustees under the will of Morris Levy. As such they were trustees of 80% of the capital stock of M. Levy & Co. Inc., a jewelry and pawn brokerage business. The remaining 20% of the stock was owned by Herbert Levy, an executor of the estate of his mother, Tenie Levy. The will of the deceased Morris Levy directed that tire shares of the trustees be voted to continue the employment of Herbert Levy as manager and for a “ reasonable compensation ’ ’ during the trust so set up.
Before the termination of the trust and during the lifetime of Tenie Levy the directors, except for Herbert Levy, decided that Herbert Levy’s management was dishonest and ineffective and that he should be removed. On receiving this information Herbert Levy resigned. The directors sought to find a trained manager and thus through advertisement were contacted by plaintiff, then employed by Ludwig Baumann Spears & Co. in its jewelry department. According to its secretary-treasurer, a witness, the jewelry sales of that company had so materially declined from 1954 to 1958 that they were decided upon liquidating said department headed by plaintiff Asch. It was discontinued on February 18, 1956, and plaintiff Asch was given the *480 sum of $1,384 severance pay on February 20,1956. In anticipation of this foreseeable end of Ms employment, plaintiff entered into negotiations with the directors of M. Levy & Co. Inc. for employment as its manager. These negotiations terminated in a contract of January 24,1956, signed by Tenie Levy as treasurer, purporting to act for the corporate defendant. A letter accompanied the signed contract, dated January 27, 1956, addressed to plaintiff, signed by defendant Greenbaum, stating “ The contract will be presented for approval to the Board of Directors at the February meeting.” The contract called for a salary of $10,000 a year in weekly payments, from March 1, 1956, to May 31, 1957. An additional 5% of the net profits of the jewelry department was to be added. There is no question that the directors acted in good faith. On February 25, 1956, a notice of a special meeting of the board of directors was called for March 2,1956, to remove Herbert Levy and to elect a new president. It was intended to confirm plaintiff’s employment contract at the same time.
No such board meeting took place because Tenie Levy died suddenly on February 29,1956. Immediately Herbert Levy who by his father’s will, on the termination of the voting trust came into control of at least 50% of the voting stock, brought an injunction suit against the directors, etc. The order of Mr. Justice Gkeenberg effectively barred the removal of Herbert Levy and the effectuating of the contract with plaintiff or anyone else as manager, etc. (May 4, 1956). Thus the untimely death of Tenie Levy erupted into this action. Has plaintiff a cause of action and if so, against whom? Can he enforce Ms so-called contract against the corporation or, since he is barred from such action, can he make the corporation pay damages to him for a breach of the contract? If not, can he make the estate of Teme Levy and the other defendant directors pay him? If the corporate directors had proved Herbert Levy to have been dishonest, of course the will of his late father could not compel his trustees to perpetuate a dishonest corporate manager in office. But that charge had not been proved and the stockholders and directors had not been able to effectuate their plan of action. No common-law fraud was practiced on plaintiff because the elements essential to such an 'action are here missing. False representations, knowledge of their falsity, a purpose to deceive and a reliance on such representations with resultant damage— these are the essentials for such an action. (Reno v. Bull, 226 N. Y. 546, 550.) Neither Baron nor Greenbaum, nor the deceased Tenie Levy can be so charged. The most that can be said is *481 that Baron and Greenbaum sought to prepare for what had been planned as cautiously as they might.
On January 27, 1956, Greenbaum wrote plaintiff that the ‘ ‘ contract ’ ’ was signed and sent him the contract. But he stated clearly that it would be “ presented for approval to the Board of Directors.” That never took place through no fault of Baron, or Greenbaum, or for that matter, of Tenie Levy. She did not plan to die before the final event planned for the corporation. We find here none of the vital elements of a warranty. We deal with a representation, safeguarded with a caveat. (Sommer v. Guardian Life Ins. Co., 281 N. Y. 508, 514; Mickles v. Atlantic Brokerage Co., 209 App. Div. 182, 183.) We find here no clear and convincing proof of any fraud. (Fein v. Starrett Tel. Corp., 280 App. Div. 670, 673.) From the evidence before the court no liability can be fixed upon defendants Baron or Greenbaum or the estate of Tenie Levy. On January 23, 1956, Greenbaum wrote Asch’s attorney, Mr. Coleman, enclosing copy of proposed contract with a notation that a board of directors’ approval would be needed. The letter also stated that Mrs. Levy would sign the contract “ as treasurer ”. There is no doubt that plaintiff relied on these representations in the expectancy of the position held open to him. There is a sharp division of factual testimony between the witnesses Coleman and Greenbaum, both members of the Bar. The court must rest its conclusion on the evidence disclosed in the unquestioned accuracy of the documentary proof.
Now we must view the evidence from plaintiff’s position. His own position with Ludwig Baumann Spears & Co. was about to end. His employer gave up the jewelry department and dismissed its employees before plaintiff’s contract with defendant corporation was to commence. Plaintiff did not surrender any contract with his employer for he had none. Thus one must question whether any actionable wrong was done to him. (Van Wyck v. Mannino, 256 App. Div. 256.) Nor was plaintiff asked to leave his other employment before the March 1, 1956 date of the contract for employment had arrived. Plaintiff is in an unenviable position. Yet the court cannot find a basis for awarding him damages against any of the defendants. If there be a cause of action against anyone, it would be against the corporate defendant. To be so effective, the contract would have to be binding on the corporation. The death of Tenie Levy would not necessarily have rendered such liability ineffective. Nor would the subsequent control of Herbert Levy make this result impossible. But we are faced with the very specific notice *482 to plaintiff that the corporate approval by the directors was needed and was in the future. In dealing with the mother of the manager and president who was to be ousted, it is understandable that such caution as was here taken by defendants would be exercised.
On a careful review of all the facts, and the clearly applicable law, the court is driven to the conclusion that no recovery can be allowed, either against the individual defendants, the corporate defendant or the estate of Tenie Levy.
Complaint dismissed on the merits.