CAROLINE HENN, DEFENDANT IN ERROR, v. METRO-
POLITAN LIFE INSURANCE COMPANY, PLAINTIFF IN
ERROR.

Submitted December 10, 1901—Decided March 24, 1902.

1. Where there is a conflict in the evidence or lack of conclusive
   an unquestioned proof of the falsity of a warranty, the question
   is one for the jury.
2. There must exist no rational theory upon which the jury might
   find the non-falsity of the answers of the insured before the court
   can direct a verdict for the defendant. If there be a rational
   doubt of the falsity of the statement, the case is for the jury.
3. If the question asked relates to a matter upon which the insurer
   should know that the insured could not have the knowledge to
   fully answer, the warranty will not be held to be more than a
   warranty in the fair sense of the question, namely, to the belief
   of the insured.
4. In an action on a policy on the life of one for the benefit of
   another, the declarations of the insured before or after the in-
   surance are not competent evidence against the beneficiary unless
   part of the *res gestœ*.
5. The several answers in this case alleged to have constituted the
   breach of warranty considered and found to have been rightly left
   to the jury by the learned trial justice.

On error to the Supreme Court.

This case was tried at the Hudson Circuit and a verdict
was found for the plaintiff, and judgment was entered on the
verdict by the Supreme Court on the *postea* filed therein.
The suit was upon a policy for $3,000, issued by the defend-
ant on the life of Frederick Henn, the husband of the plaint-
iff, for the benefit of the plaintiff.

For the plaintiff in error, *Crouse & Perkins.*

For the defendant in error, *Vredenburgh, Wall & Van
Winkle.*

The opinion of the court was delivered by.

FORT, J. The defence in this case was based upon an alleged breach of warranty. The effort on the part of the defendant was to show that the insured had answered certain questions in such a way as to cause the breach. Forfeitures are not favored in the law, and, if by any intendment, a ground can be found to defeat them, the court will apply it. *Hampton* v. *Hartford Insurance Co.,* 36 *Vroom* 265.

The main contention for reversal is that the trial court refused to direct a verdict for the defendant.

The application for such direction was based on the alleged falsity of certain answers made by the insured to these questions:

"1. Have you ever had

"Dizziness or vertigo? 'No.'

"Disease of the heart? 'No.'

"Bronchitis? 'No.'

"Enlarged veins? 'No.'

"6. Name and residence of, your usual medical attendant? 'Have none.'

"7. Have you consulted any other physician, if so, when and for what? '1870, small-pox.'

"8. Have you ever used  *  *  *  tobacco to any extent, and if so, when and for how long? 'No.'"

The statements of the insured are, by the policy, made warranties.

There is a question raised in this case which, if the decision were to be otherwise than it is to be, should first be determined, and that is whether the medical examination and the answers to the questions therein are a part of the contract, but as the learned trial justice ruled that they were, we shall so treat them, although not passing upon the correctness of that ruling, because not necessary for this decision.

Where there is a conflict in the evidence, or lack of conclusive and unquestioned proof of the falsity of a warranty, the question is one for the jury. There must exist no rational theory upon which the jury might find the non-falsity of the answers of the insured before the court can direct a verdict

for the defendant. If there be a rational doubt of the falsity of the statement, the case is for the jury.

If the question asked relates to a matter upon which the insurer should know that the insured could not have the knowledge to fully answer, the warranty will not be held to be more than a warranty in the fair sense of the question, namely, to the belief of the insured.

The warranty of a physical fact in answer to such a question as, "Have you ever undergone any surgical operation?" if answered, "No," is absolute, and if it be uncontradicted on the proof that the insured, prior to that statement, had been operated on for appendicitis or for the removal of a tumor or a part of the jaw bone, then a direction of a verdict would be imperative. *Lippincott* v. *Royal Arcanum,* 35 *Vroom* 309.

The present Chief Justice, in voicing the opinion of this court in the case just cited, declared "that it is only when the unimpeached testimony of the case is conclusive upon the point, and a verdict for the plaintiff cannot be supported without disregarding it, * * * that it is the duty of the trial court to control the jury in its action and direct a verdict for the defendant."

In the Supreme Court of the United States, in *Moulor* v. *American Life Insurance Co.,* 111 *U. S.* 335, the language of the warranty was: "It is hereby declared and warranted that the above are fair and true answers to the foregoing questions. And it is acknowledged and agreed by the undersigned that this application shall form a part of the contract of insurance, and that if there be in any of the answers herein made any untrue or evasive statements or any misrepresentation or concealment of facts, then any policy granted upon this application shall be null and void."

The question asked in that case was, "Have you ever been affected with any of the following diseases: insanity, gout, rheumatism, palsy, scrofula, convulsions, dropsy, small-pox, yellow fever, fistula, rupture, asthma, spitting of blood, consumption and abscesses of the lungs, throat, heart and urinary organs?" The answer was, "No."

The court, through Mr. Justice Harlan, says: "If those who organize and control life insurance companies wish to exact from the applicant, as a condition precedent to a valid contract, a guarantee against the existence of diseases, of the presence of which in his system he has and can have no knowledge, and which even skillful physicians are often unable, after the most careful examination, to detect, the terms of the contract to that effect must be so clear as to exclude any other conclusion."

The policy before us recites that it is issued "in consideration of the answers and statements contained in the printed and written application for the policy, * * * all of which answers and statements are hereby made warranties and are hereby made a part of the contract." By the third condition endorsed on the policy it is provided: "If any answer or statement in the application herein referred to is not true, * * * this policy shall be void." Condition 9 declares: "The contract between the parties hereto is completely set forth in the policy and the application therefor taken together," and the application contains this clause: "That the answers and statements contained in the foregoing application and those made to the medical examiner, together with this declaration, shall be the basis and become part of the contract of insurance with the Metropolitan Life Insurance Company; that they are full and true and are correctly recorded; * * * that any false, inaccurate or untrue answer, any suppression or concealment of facts in any of the answers * * * shall render the policy null and void."

It would be difficult to distinguish between the terms of this warranty and that in Moulor *v.* American Life Insurance Co., or to fail to discern the force of that decision upon the question before us.

An opinion of Mr. Justice Somerville, of the Supreme Court of Alabama, will be found to contain a valuable discussion of the law applicable to this class of cases. *Alabama Gold Life Insurance Co.* v. *Johnston,* 80 *Ala.* 467.

Let us consider, briefly, the answers alleged to have been falsely replied to in the case before us.

(1) *Dizziness.* There was no legal proof that the insured had ever suffered from dizziness. Dr. Culver testified (over the objection of the plaintiff) that, some two years or more before the policy was taken out, the insured had "complained to him of dizziness." This testimony was clearly inadmissible. Mr. Joyce states the rule this way: "As a general rule, in an action on a policy on the life of one for the benefit of another, the declarations of the insured, before or after the insurance, are not competent evidence against the beneficiary unless part of the *res gestæ.*" 4 *Joyce Ins.,* § 3819.

The declarations of an insured that he had severe headaches, and on such occasions took large doses of laudanum, were held inadmissible, even where it was admitted he had died of an overdose thereof. *Mulliner* v. *Guardian Mutual Life Insurance Co.,* 1 *Thomp. & C.* 488.

When an insured stated, in his application for a policy for the benefit of his wife, that he had had no disease for seven years prior thereto, declarations of his showing this was untrue were inadmissible. *Union Central Life Insurance Co.* v. *Cheever,* 36 *Ohio St.* 201; 2 *Bac. Ben. Soc. & Life Ins.,* § 1460; *Nibl. Ac. Ins. (2d ed.)* 626.

Such declarations of the insured party prior to the insurance are not admissible. *Hermany* v. *Fidelity, &c., Association,* 151 *Pa. St.* 17.

Such declarations after the insurance are equally objectionable. *Edington* v. *Mutual Life Insurance Co.,* 67 *N. Y.* 185.

There was no proof of dizziness to go to the jury.

(2) *Disease of the heart.* There was no proof of disease of the heart. Dr. Culver said he found the heart of deceased flabby some years prior to the insurance, but he stated there was no organic trouble—only functional disorder—"but that in such disorder there is no diseased condition."

Whatever trouble there was of the heart, Dr. Culver said, came from smoking. Dr. O'Gorman testified that, under the evidence in the case, the extent of the smoking which it showed the insured did, could not have produced a smokers'

heart. Whether there was disease of the heart or not was rightly left to the jury.

(3) *Bronchitis.* On this the proof was conflicting, and the doctor was uncertain whether he had treated the insured for colds, cough or bronchitis.

It was rightly left to the jury.

(4) *Enlarged veins.* Dr. Culver testified he had treated the insured in 1895 and found on one leg the veins were swollen, known as varicose veins. That, he states, is the same as enlarged veins. This was at least four years before the policy was issued, and there appears to have been not more than one, if any, of such treatments. The widow of the deceased, who had lived with the deceased for twenty years, said she never saw any enlarged veins, and the doctor who examined him for insurance failed to discover any, or the evidence of any, though his testimony shows he examined him with great care to detect them, if they existed.

Whether the insured had ever had an enlarged vein on his leg was controverted on the proof. While Dr. Culver had testified he had once seen and treated such a vein, the other proof, professional and non-expert, threw a rational doubt upon the accuracy of Dr. Culver's statement. Under that condition of the proof, whether the answer of the insured was full and true, in the fair sense of the question, was rightly left to the jury. An instruction for the defendant in such a case would have been error. *Connecticut Life Insurance Co. v. Union Trust Co.,* 112 *U. S.* 250, 257.

It is only where the diseased condition appears to be conclusively established by the unimpeached testimony that the defendant is entitled to a direction of a verdict. If such a condition is controverted, or there is rational doubt, it is a case for the jury.

The ruling of the trial judge as to the answer by the insured that he had no usual medical attendant was correct. Proof that the insured had occasionally consulted a physician for minor matters will not make false a statement by the insured that he had no "usual" medical attendant.

To a question which asked, "State family physician and

each one who has given the party medical attendance?" the answer was, "Have none." It appeared that a physician had attended the applicant for inflammation of the eyes and again for another complaint. *Held,* whether suppression of name of physician was fraudulent was for the jury. *Held, also,* that if the company desired a fuller answer to the question, it should have insisted upon it at the time. *Filch* v. *American Pop. Life Insurance Co.,* 59 *N. Y.* 557, 572.

To a question, "Have you ever had fits?" proof of one fit will not avoid the policy. 2 *Pars. Cont.* 472; *Insurance Co.* v. *Wilkinson,* 13 *Wall.* 222.

A statement by an insured that his habits were temperate was not untrue, in the meaning of the policy, though he may have had an attack of delirium tremens from exceptional over-indulgence. *Insurance Co.* v. *Foley,* 105 *U. S.* 350.

As to the question, "Have you consulted any other physician, and if so, when and what for? 'A. 1870, small-pox,'" the charge of the trial judge was also correct. The question asked for only one consultation, and for any other physician, and was complied with by naming any occasion when he had consulted a physician. The proof as to the alleged use of tobacco to excess was of no force, for the reason that the insured, in his application, had said, in answer to that question, that he smoked two cigars a day. When the company accepted the risk they knew of the extent of his use of tobacco. There was no proof in the case of any greater use than he had stated, and with full knowledge of which they had accepted the risk.

There is no error in the record, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 13.

*For reversal*—None.