KATE OWEN, DEFENDANT IN ERROR, v. METROPOLITAN LIFE INSURANCE COMPANY, PLAINTIFF IN ERROR.

Argued March 12, 1907—Decided June 17, 1907.

1. In an application for life insurance, the statements contained in which are by the policy made warranties, a declaration that the applicant had never had a certain obscure disease, concerning which the insurer should know that the applicant could not have certain knowledge saving as he might be told by a physician or other expert, is properly to be construed as a warranty only of the *bona fide* belief and opinion of the applicant.

2. In such an application for life insurance, representations concerning matters of fact that are presumably within the knowledge of the applicant are to be treated as warranties, a breach of which will render the policy void.

3. Such warranties, like all conditions that are to work a forfeiture of a contract otherwise valid, are to be strictly construed in order to prevent a forfeiture.

---

On error to the Supreme Court.

For the plaintiff in error, *McCarter & English.*

For the defendant in error, *Vreeland, King, Wilson & Lindabury.*

The opinion of the court was delivered by

PITNEY, J.    This is an action upon a life insurance policy, and the defence is based upon the alleged breach of certain warranties contained in the application for insurance.

The name of the insured was John Henry Owen.    The ap-

plication for the policy was dated September 14th, 1901. The policy itself was dated four days later. The insured died November 18th in the same year. By the terms of the policy the answers and statements contained in the application (a copy of which was annexed as a part of the contract) were made warranties. The application was upon a printed form, and contained numbered paragraphs calling for statements respecting the present and previous health of the applicant. There was a general provision that "wherever nothing is written in the following paragraphs it is agreed that the warranty is true without exception."

The warranties relied upon are as follows:

"(2) I have never had any of the following complaints or diseases [mentioning about thirty different diseases, among them "disease of the heart" and "rheumatism"] except rheumatism two years.

"(4) The following is the name of the physician who last attended me, the date of the attendance and the name of the complaint for which he attended me: Dr. Becker, two years, rheumatism.

"(5) I have not been under the care of any physician within two years, unless as stated in previous line, except——.

"(6) I have never been under treatment in any dispensary, hospital or asylum, nor been an inmate of any almshouse or other institution, except two years ago, for rheumatism."

At the trial the defence undertook to show that, beginning December 22d, 1899, the insured was for two months confined in a hospital, under treatment by Dr. Becker, suffering from organic heart disease. There was undisputed evidence that a Mr. Owen had been thus treated in the hospital at the time and for the period mentioned, and that he was suffering from organic heart disease. The evidence to identify this patient with John H. Owen, the insured, was of the very slightest. We assume, however, that there was a question for the jury upon the fact of identity.

Reversal is prayed on the ground that the trial justice refused to direct a verdict in favor of the defendant, and refused to instruct the jury that if the insured had been confined in

a hospital within two years of the date of the application there should be a verdict for the defendant, and that if the insured had been under the care of a physician within two years from the date of the application there should be a verdict in favor of the defendant.

The declaration in paragraph 2 of the application, to the effect that the applicant had never had disease of the heart, an obscure disease, concerning which the insurer should know that the applicant could not have certain knowledge, saving as he might be told by a physician or other expert, is properly to be construed as a warranty only of the *bona fide* belief and opinion of the applicant. *Henn* v. *Metropolitan Life Insurance Co.*, 38 *Vroom* 310; *Dimick* v. *Metropolitan Life Insurance Co.*, 40 *Id.* 384, 393. Since the case is devoid of evidence to show that Owen was apprised that he was suffering from heart disease, beyond the mere fact that he was so suffering, it certainly was not conclusively proved that his *bona fide* belief and opinion upon the subject were otherwise than as warranted, and so a verdict could not properly be directed in favor of the defendant on this ground, even if the identity of Owen, the insured, with Owen, the patient, had clearly appeared.

The same is true with respect to so much of paragraph 4 of the application as mentions rheumatism as the complaint for which the applicant was last attended. So, also, with the mention of rheumatism in paragraph 6.

With respect to the other statements in paragraphs 4, 5 and 6, respecting attendance and care of a physician, and treatment in a hospital, these representations concerning matters of fact that were presumably within the knowledge of the applicant are to be treated as warranties, a breach of which would render the policy void. *Dimick* v. *Metropolitan Life Insurance Co.*, 40 *Vroom* 384, 393.

But these warranties, like all conditions that are to work a forfeiture of a contract otherwise valid, are to be strictly construed in order to prevent a forfeiture.

Construing paragraph 4 strictly, there is no response as to the date of attendance. The words "two years" indicate as

reasonably the duration of the attendance as its date. With respect to any response that is manifestly incomplete, the issuance of the policy is a waiver of a better answer. *Carson v. Jersey City Insurance Co.,* 14 *Vroom* 300, 306; *Hanrahan v. Metropolitan Life Insurance Co.,* 43 *Id.* 504.

But without holding to so strict a construction of paragraph 4, and dealing with the words "two years" as intended to specify the date of attendance, yet in our opinion this statement is properly to be construed in the sense in which it was undoubtedly intended, and in which the applicant reasonably apprehended at the time that the insurance company would understand it (*Empire Rubber Manufacturing Co. v. Morris,* 44 *Vroom* 602)—that is, as a mere approximation to the time when the attendance occurred. The words are inapt to point out a precise date. It could not reasonably be understood that the applicant intended that Dr. Becker's attendance was precisely two years before the date of the application, to wit, on September 14th, 1889, and not a day earlier or later. The expression "two years," as colloquially used, is always understood as an approximate statement. In this sense we think it must be interpreted in this application. An attendance by the physician beginning one year and nine months and ending one year and seven months before the application was not necessarily, and as matter of law, a breach of the warranty.

Paragraph 5 of the application is: "I have not been under the care of a physician within two years, unless as stated in previous line [meaning paragraph 4], except——." So far as the proofs disclosed, this was true, the applicant not being shown to have been under the care of any physician other than Dr. Becker within two years.

The statement in paragraph 6—"I have never been under treatment in any dispensary, hospital or asylum, nor been an inmate of any almshouse or any other institution, except two years ago for rheumatism"—is covered by what has already been said respecting paragraph 4. The words "two years ago" are manifestly but an approximate statement.

We do not mean to say that if statements of this character

were purposely made in inaccurate form, with the intent to deceive the company, the policy might not be avoided for fraud.   In this case the question of the *bona fides* of the applicant was left to the jury, whose verdict upon this point is, of course, conclusive.

No error being found in the record, the judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, GREEN, GRAY, DILL, J.J.    13.

*For reversal*—REED, VROOM, J.J.    2.