ANNIE W. STANYAN *v.* SECURITY MUTUAL LIFE INSURANCE

COMPANY.

November Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 3, 1917.

*Life Insurance—Application for Reinstatement—Construction —Warranty—"Best of Knowledge and Belief."*

An application for the reinstatement of a lapsed life insurance policy, made upon a form prepared and furnished by the insurance company, will be construed against the company and in favor of the insured.

Where, in an application for the reinstatement of a lapsed life insurance policy, the applicant filled a blank upon which was to be noted any exception to a statement of the prior good health of the applicant, by making irregular and meaningless marks therein, there was no warranty, but only a notification to the company that the applicant noted the exception but did not answer it.

In such case, the insurance company, by reinstating the policy without further inquiry, waived a full and complete answer.

The language in an application for the reinstatement of a lapsed life insurance policy is to be interpreted in the sense intended by the parties, and the meaning and application of phrases and sentences is to be as understood by them, though the instrument be capable of a different interpretation and though such construction may violate the rules of grammar; and in ascertaining such meaning, consideration is to be given to the character and subject matter of the statement and the end to be accomplished by it.

If an application for the reinstatement of a lapsed life insurance policy, prepared by the insurance company, reasonably indicates to the insured that his statement therein is to be according to his honest belief and to the best of his knowledge, it will be construed as not amounting to a warranty of the absolute truth of the statement, but only as a warranty of his honest belief based upon his knowledge.

Where an application for the reinstatement of a lapsed life insurance policy stated "And I do further warrant and declare that I am, to the best of my knowledge and belief, in sound health, and free

from any symptoms of disease, and that there is now no condition of my person or occupation tending to impair my health, injure my constitution, or shorten my life," by legal construction the phrase "to the best of my knowledge and belief" qualified the whole statement, and unconscious misrepresentation therein afforded no defense to an action on the policy.

Assumpsit upon a policy of life insurance, issued by defendant upon the life of Lyman Ramsey. Plea, the general issue with notice that the defendant would rely in defence upon breaches of warranty in a reinstatement certificate, signed by the insured. Trial by jury at the March Term, 1916, Washington County Court, *Butler,* J., presiding. Verdict and judgment for the plaintiff. Defendant excepted. The case is stated in the opinion.

*Edward H. Deavitt* for the defendant.

*H. C. Shurtleff* for the plaintiff.

Powers, J. At the time of his death, Lyman Ramsey, of Wentworth, N. H., was carrying a policy in the defendant company for the benefit of the plaintiff. This policy had been allowed to lapse on account of the non-payment of premiums due in January and April, 1909, but it was reinstated under an application dated June 19, 1909. This application was signed by Ramsey, and read in part as follows: "I hereby request that I may be restored to membership in said company and that the above mentioned sum be accepted in payment of my premium, now past due, and as a condition of the same being accepted and my membership restored, and policy again put in force, I hereby warrant and declare that I have not received nor required the services or advice of any physician since the date of my last payment to said Company, except * * *" After this word "except," there is a blank in the printed form used, in which three irregular marks appear, made with a pen, presumably at the time the application was filled out.

The defendant moved for a verdict, and the first question for our consideration arises under this clause of the application. That this statement, whatever it may turn out to be when properly construed, amounts to a warranty, which if untrue avoids

the policy, is practically conceded by the plaintiff, so we proceed at once to the question of its scope and effect.

It was held in *Billings* v. *Metropolitan Life Ins. Co.,* 70 Vt. 477, 41 Atl. 516, that the omission to answer a question in an application for insurance is not a warranty that there is nothing to answer, and that in case of a partial answer, the warranty cannot be extended beyond the answer actually given. This rule, the logic of which is obvious, would require us to hold that if the blank after the word ''except'' had been left wholly unfilled there would have been no warranty that there was no exception to record. The defendant recognizes this, and insists that the insertion of the three irregular marks, turns what would otherwise be nothing into an express negation. But an unbending rule requires us to construe the application against the Company, and we cannot say that, as matter of law, these shapeless characters, which have no meaning of their own, are here equivalent to the words ''none,'' ''no exception,'' or any such expression. On the contrary, the only meaning which they have or convey is that the exception contained in the answer is noted by the applicant and left unanswered. *Manhattan Life Ins. Co.* v. *Willis,* 60 Fed. 236, 8 C. C. A. 594, is directly in point. There the blanks left after certain questions in the application were left unfilled except that the common check mark was made in them. And it was held that the check marks notified the company that the applicant noted but did not answer the questions, and that by its acceptance of the application the company waived answers thereto.

As left, the answer in the application before us was manifestly incomplete and comes within the holding in the Billings case. The Company, by reinstating the policy without further inquiry, waived a full and complete answer. *Liberty Hall* v. *Insurance Co.,* 7 Gray (Mass.) 261; *Owen* v. *Metropolitan Life Ins. Co.,* 74 N. J. Law, 770, 67 Atl. 25, 122 Am. St. Rep. 413.

The application for reinstatement contained another statement which reads as follows: ''And I do further warrant and declare that I am, to the best of my knowledge and belief, in sound health, and free from any symptoms of disease, and that there is now no condition of my person or occupation tending to impair my health, injure my constitution, or shorten my life.''

The alleged falsity of the last part of this statement was

assigned as a ground for sustaining the defendant's motion for a verdict.

If by a proper construction of the whole statement the phrase "to the best of my knowledge and belief" affects it in all of its assertions, it is impossible to sustain the defendant's position, for the record discloses nothing to impugn the honesty and good faith of the assured in making it, and the burden of proof was on the defendant. *Schofield's Admr.* v. *Metropolitan Life Ins. Co.,* 79 Vt. 161, 64 Atl. 1107, 8 Ann. Cas. 1152.

As we have already suggested, so far as construction is involved it is to be against the Company and in aid of the claimant. Language is to be interpreted in the sense intended by the parties, and the meaning and application of phrases and sentences is to be as understood by them, though the instrument be susceptible of a different interpretation. In ascertaining such meaning, consideration is to be given to the character and subject matter of the statement and the end to be accomplished by it. Equivocation and uncertainty, whether in the significance of the terms used or the form and construction of sentences are to be resolved in favor of the insured and against the company. It may be that careful grammatical analysis of this statement, taken as a whole, would show that the phrase "to the best of my knowledge and belief" modifies only that part of the statement contained in the words "in sound health and free from any symptoms of disease;" but nice grammatical constructions are not always controlling in the interpretation of contracts. *Gray* v. *Clark,* 11 Vt. 583; *Watson* v. *Blaine,* 12 Serg. & R. (Pa.) 131, 14 Am. Dec. 669. Statements like the one before us are properly construed in the sense in which they were intended and in which the applicant reasonably apprehends the company will understand them, (*Owen* v. *Metropolitan Ins. Co.,* 74 N. J. Law 770, 67 Atl. 25, 122 Am. St. Rep. 413), though such construction may violate the rules of grammar. (*Clapp* v. *Mass. Benefit Ass'n,* 146 Mass. 519, 16 N. E. 433; *O'Connell* v. *Supreme Conclave, etc.,* 102 Ga. 143, 28 S. E. 282, 66 Am. St. Rep. 159).

If the application as prepared by the Company reasonably indicates to the insured that his statement is to be according to his honest belief and to the best of his knowledge, it will be construed as not amounting to a warranty of the absolute truth of the statement, but only as a warranty of his honest belief

based upon his knowledge. 25 Cyc. 802. Otherwise the instrument will speak one language to the insured, and quite another to his beneficiary. We quite agree with Mr. Justice Harlan, when he says in *Moulor.* v. *American Life Ins. Co.,* 111 U. S. 335, 28 L. ed. 449, 4 Sup. Ct. 466: "If those who organize and control life insurance companies wish to exact from the applicant, as a condition precedent to a valid contract, a guaranty against the existence of disease of the presence of which in his system he has and can have no knowledge, and which even skillful physicians are often unable, after the most careful examination to detect, the terms of the contract to that effect must be so clear as to exclude any other conclusion." And the learned jurist might have added that the language used must unmistakably appraise the insured of its scope and effect. See *Schwarzbach* v. *Ohio Valley Protective Union,* 25 W. Va. 622, 52 Am. Rep. 227.

We cannot believe that this Company, when it prepared the form before us, intended to require of the applicant such an astounding warranty as this would be if we were to adopt the view here urged by its counsel. On the contrary, it seems plain that it intended the quoted phrase to qualify the whole statement and affect all its assertions. If we were to adopt the interpretation presented in the defendant's brief, the insured would be held to a contract which he never intentionally entered into.

We hold, therefore, that by legal construction the phrase specified qualifies the whole statement and unconscious misrepresentation therein affords no defence to an action on the policy.

The foregoing holdings leave nothing on which to predicate the defence made and are therefore determinative of the whole case. So we give no attention to the other questions raised.

*Judgment affirmed.*