## Augusta Lehmann et al., Appellees, v. City of Chicago, Appellant.

### Gen. No. 22,041.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 9, 1917. Rehearing denied February 19, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Augusta Lehmann, Emelie W. Peacock, Edward J. Lehmann, Augusta E. Spies, Otto W. Lehmann and Edith M. Behr, plaintiffs, against City of Chicago, defendant, to recover rent for certain premises for the months of March, April and May, 1911. From a judgment for plaintiffs, defendant appeals.

The defendant leased the premises from June 1, 1908, to June 1, 1910, with the privilege of renewal for another year provided defendant gave six months' notice. No notice was given, but in November, 1909, the defendant's agent had a talk with plaintiffs' agent as to extending the lease to March 1, 1911, and defendant claimed that they then so agreed, which plaintiffs denied. Possession was retained to March 1, 1911, and rent demanded and paid each month to December 1, 1910. Warrants were issued for the succeeding three months but not delivered, the comptroller not being "ready to pay."

SAMUEL A. ETTELSON, for appellant; LEON HORNSTEIN, of counsel.

HENRY L. WALLACE, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Lehmann v. City of Chicago, 203 Ill. App. 414.

## Abstract of the Decision.

1.  LANDLORD AND TENANT, § 477*—*when notice by lessor's agent to quit at expiration of term does not affect character of tenure thereafter*. Where a lease expired by its terms at a certain date, a notice by the lessor's agent that possession of the premises would be expected to be surrendered at that date would have, if authorized, no legal effect or bearing upon the character of the lessee's tenure after expiration of the lease, if the landlord assented to the holding over.

2.  LANDLORD AND TENANT, § 441*—*when evidence sufficient to show holding over under terms of lease*. Evidence *held* insufficient to show an oral agreement by lessor's agent to extend the lease to March 1, 1911, or his authority so to extend it, and sufficient to show a holding over on the terms of the lease without a new agreement, in an action to recover rent for such holding over.

3.  LANDLORD AND TENANT, § 88*—*what does not constitute election by landlord to treat tenant as one from year to year*. Accepting payment of monthly rent after expiration of a lease according to its terms is an election by the landlord to treat the tenant as one from year to year.

4.  LANDLORD AND TENANT, § 485*—*when notice to quit at expiration of term is waived*. A notice given a tenant to quit the premises at the expiration of his lease according to its terms is waived by the landlord demanding and receiving rent after such expiration of the lease.

5.  LANDLORD AND TENANT, § 88*—*when city holding over is bound as tenant from year to year*. A city, lessee under an authorized lease, holding over after the expiration of the lease according to its terms without a new agreement is bound the same as a private individual to a tenancy from year to year.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.