LILLIAN P. MAYO, ADMX. v. ELMER F. CLAFLIN.

November Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 18, 1919.

*Landlord and Tenant—Indirect Findings—Intention to Lease—
Lease for Years—Renewal—Tenancy After Expiration of
Term—Tenancy at Will—Payment of Rent—Effect—
Termination of Tenancy by Act of Landlord—Notice to
Quit—Waiver—Reasonable Time for Removal.*

For several years defendant occupied plaintiff's farm as tenant under
an informal lease, a new agreement being made each year. When
the last year was about to expire, plaintiff refused to lease the
place for another year, and no express agreement was made con-
cerning the defendant's occupancy after the expiration of the term
on November 15, 1917. Defendant continued to occupy the place
regularly paying the stipulated rent each month. February 13,
1918, plaintiff wrote defendant asking him to vacate the place by
March 15, 1918. The defendant refused to vacate, claiming that
his time was not out until November 15, 1918. Defendant paid,
and the plaintiff accepted, the rent up to April 15, 1918, and the
action of ejectment was begun April 22, 1918. *Held*,

(1)     That indirect findings were equivalent to the direct finding of
fact that the plaintiff had no intention of leasing the place for an-
other year, but did intend that the defendant might continue to
occupy it under the terms of the previous agreement, the rent to
be paid monthly until she decided what to do with the place, and
that the defendant so understood;

(2)     That prior to November 15, 1917, the tenancy was one for
years, and not one from year to year; that after that date the
tenancy was one at will;

(3)     That when a lease expires, and the tenant is permitted to con-
tinue in possession pending a treaty for another lease, he is a
tenant at will, and so strictly so that he may be turned out with-
out notice to quit;

(4)     That the tenancy was not changed into one from year to year
by the payment and acceptance of the rent mentioned, because

the implied agreement that the occupancy should terminate if the plaintiff sold the place or decided to occupy it herself characterized such occupancy;

(5)     That, although the defendant was not entitled to a technical notice to quit, the plaintiff, before she could make his possession wrongful, must, by some act or declaration inconsistent with the continued voluntary relation of landlord and tenant, do something to determine the will and terminate the tenancy;

(6)     That a "waiver" is the intentional relinquishment of a known right; and the plaintiff, by unqualifiedly accepting the monthly payment of rent from March 15th to April 15th, unequivocally recognized the tenancy as existing on the latter date, and thereby waived her notice to end the tenancy on March 15th.

A tenant at will is entitled to a reasonable time after the termination of the tenancy in which to procure other accommodations and remove his property.

ACTION OF JUSTICE EJECTMENT brought in the Municipal Court of the Windsor Probate District. Trial by Court on July 15, 1918, *Herbert H. Blanchard,* Municipal Judge. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*R. Ward Dent* for the defendant.

*Fred H. Spaulding* for the plaintiff.

POWERS, J.     For several years the defendant occupied a small farm in Springfield, Vt., as the plaintiff's tenant. No formal lease was ever executed, but the arrangement was made by correspondence. About the time the term was to expire, November 15th, the defendant would write the plaintiff inquiring if he could have the farm for another term, and the plaintiff would reply concluding an arrangement for another year. Thus it ran along until the fall of 1917.

When the defendant wrote about a lease for the year following that date, the plaintiff replied that she would not promise him the place for another year, as she was undecided as to what she had better do with it. This was in the month of October. Some further correspondence was had regarding the matter, but the plaintiff refused to lease the place for another year, and no

express agreement was made concerning the defendant's occupancy after the expiration of the term on November 15, 1917. The latter continued to occupy the place, however, regularly paying the plaintiff the stipulated rent on the 15th of each month. On February 13, 1918, the plaintiff wrote the defendant that she had decided to move to Springfield and occupy the place herself, and asked him to vacate the premises so that she could have the house by March 15th.   This letter was received in due course, and the defendant replied to the effect that he could not surrender the premises by the date named, and in an interview had in the early days of March, the plaintiff insisted upon a surrender in accordance with her notice, but the defendant replied that his time was not out until November 15, 1918, and that he didn't think he should move until that time.   He paid and the plaintiff accepted the rent up to April 15th, and this action of justice ejectment was begun April 22d.   Trial below was by the court, and the findings show that the plaintiff had no intention of leasing the place for another year, but did intend that the defendant might continue to occupy it under the terms of the previous agreement, the rent to be paid monthly, until she decided what to do, and that, if she sold it, or if she decided to occupy it herself, the tenancy of the defendant was to be vacated. "It seems to the court," the findings then say, "that this was fairly understood by the defendant."   Although this quoted statement is not in form a direct finding of the fact, it is equivalent thereto.   *Martin* v. *Cent. Ia. R. Co.*, 59 Ia. 411, 13 N. W. 424; *McGuire* v. *Mo. Pac. R. Co.*, 23 Mo. App. 325; *Peters* v. *Lane*, 55 Ind. 391.

The lease having been renewed from time to time as stated above, the tenancy, prior to November 15, 1917, was one for years and not one from year to year.   Jones, L. & T. § 212.   After that date, the tenancy was at will, and not from year to year; for the defendant was then holding over pending negotiations for a new lease; and the rule is that, when a lease expires, and the tenant is permitted to continue in possession pending a treaty for another lease, he is a tenant at will and so strictly so that he may be turned out without notice to quit.   *Doe* v. *Stennett*, 2 Esp. 717; *Grant* v. *White*, 42 Mo. 285; *Dubuque* v. *Miller*, 11 Ia. 583; Jones, L. & T. § 212; Taylor, L. & T. 49.

Nor was the tenancy changed into one from year to year by the payment and acceptance of the rent mentioned.   Under the

findings there was an implied contract that the occupancy should terminate if the plaintiff sold the place or decided to occupy it herself. This implied agreement gave character to the subsequent occupancy and prevented it from ripening into a tenancy from year to year.

The defendant was not entitled to a technical notice to quit. Nevertheless he was a tenant, and even after April 15, 1918, he was a tenant, and not a trespasser. He was only a tenant at will, to be sure, but, before his landlord could make his possession wrongful, she must do something to determine the will and terminate the tenancy. This could be done in various ways, by demand of possession, notice to quit, threat of legal proceedings, or by any other act or declaration inconsistent with the continued voluntary relation of landlord and tenant. *Chamberlin* v. *Donahue,* 45 Vt. 50; *Amsden* v. *Blaisdell,* 60 Vt. 386, 15 Atl. 332. The letter of February 13 was doubtless sufficient for this purpose.

The defendant insists, however, that the plaintiff waived her notice by accepting rent for use of the premises after the notice had expired. That she did accept such rent is undeniable; for, as we have seen, the notice expired March 15th, and she accepted the rent as such up to April. 15th.

A waiver is defined to be the intentional relinquishment of a known right. *Webster* v. *State Mut. Fire Ins. Co.,* 81 Vt. 75, 69 Atl. 319. Intent lies at the very basis of the doctrine. So a question of intention is always involved, and is usually a question of fact. Here it is expressly found that the plaintiff did not intend to waive her notice, and, if the question involved here is a question of fact, this finding is conclusive against the defendant's claim. But if the question is here one of law, this finding goes for nothing. The question of intent is not always a question of fact. There are many cases wherein the intent of the party acting is conclusively inferred from what· he does. Our own cases afford various instances of the application of this rule. The selection of one of two inconsistent remedies is a conclusive waiver of the other. *Priest* v. *Foster,* 69 Vt. 417, 38 Atl. 78. Proceeding with his defence is a final waiver of a defendant's exception to the overruling of his motion for a verdict made at the close of the plaintiff's case. *Noyes* v. *Parker,* 64 Vt. 379, 24 Atl. 12. By not claiming his privilege, a witness waives it. In re Consolidated Rendering Co., 80 Vt. 55, 66 Atl. 790, 11

Ann. Cas. 1069. One who calls his adversary as a witness waives the latter's incompetency. *Comstock* v. *Jacobs,* 84 Vt. 277, 78 Atl. 1017, Ann. Cas. 1913A, 679. A denial of liability under an accident policy is a waiver of a defect in the proof of loss. *Mellen* v. *United States, etc., Co.,* 83 Vt. 242, 75 Atl. 273. The acceptance of an overdue insurance premium is a waiver of the forfeiture for non-payment. *Fraser* v. *Home Life Ins. Co.,* 71 Vt. 482, 45 Atl. 1046. Treating a policy as in force after knowledge of a misstatement of title amounts to a waiver of any defence based thereon. *Ring* v. *Windsor County Mut. Ins. Co.,* 54 Vt. 434. The acceptance of an incomplete application by an insurance company is a waiver of its defects. *Stanyan* v. *Security Mut. Life Ins. Co.,* 91 Vt. 83, 99 Atl. 417, L. R. A. 1917C, 350. An officer who accepts a writ without demand of fees waives their prepayment. *Carlisle* v. *Soule's Est.,* 44 Vt. 265.

So, too, it is very generally held that the acceptance of rent accruing after a known forfeiture is a waiver of it. *Zatolis* v. *Cannellos,* 138 Minn. 179, 164 N. W. 807, note to L. R. A. 1918A, 1066; *Kenny* v. *Lun,* 11 L. R. A. (N. S.) 831; *Gomber* v. *Hackett,* 6 Wis. 323, 70 Am. Dec. 467; *Doe* v. *Pritchard,* 27 E. C. L. 322; *Dermott* v. *Wallach,* 1 Wall. 61, 17 L. ed. 680; Jones, L. & T. § 497; *Maidstone* v. *Stevens,* 7 Vt. 487.

In these cases and others of the same class the conduct evidencing an intent to waive is so convincing and so inconsistent with a purpose to insist upon the right involved that the law refuses to listen when the party would assert any other intention. It is of such a decisive character that no other reasonable inference can be drawn from it. *Fraser* v. *Ætna Life Ins. Co.,* 114 Wis. 510, 90 N. W. 476.

While some of the courts hold that the receipt of rent accruing after the expiration of a notice to quit is merely evidence of an intent to waive the notice, the more logical rule is that the unqualified acceptance of such rent, *eo nomine,* is a waiver of the notice as matter of law. 1 McAdam, L. & T. § 183; 2 Taylor, L. & T. § 485; 1 Washburne 530; *Collins* v. *Canty,* 60 Mass. (6 Cush.) 415; *Prindel* v. *Anderson,* 19 Wend. (N. Y.) 391; *Goodright* v. *Cordwait,* 6 T. R. 219; *Stedman* v. *McIntosh,* 27 N. C. 571; *Lehman* v. *Chicago,* 203 Ill. App. 414; *Zonch* v. *Willingale,* 1 H. Bl. 311. And this is the law of *Murphy* v. *Little,* 69 Vt. 261, 37 Atl. 968. It is true that it is therein said that the ac-

ceptance of the rent was, in the circumstances, a waiver of the notice to quit, implying that in some circumstances this would not be true.  To this implication we assent.  But the circumstances alluded to must be such as to affect the character of the act; something to quality it, and render it equivocal.

When this plaintiff unqualifiedly accepted the monthly payment as rent of the place from March 15th to April 15th, she unequivocally recognized the tenancy as existing on the latter date.  She thereby waived her notice, and cannot now be heard to say that the tenancy ended on March 15th.  Nothing happened between April 15th and the date on which this suit was brought to change the relation of the parties, or to affect the character of the occupancy.  Being a tenant, though at will only, the defendant was entitled to a reasonable time after the termination of the tenancy in which to procure other accommodations and remove his property.  *Rich* v. *Bolton,* 46 Vt. 84, 14 Am. Rep. 615; *Amsden* v. *Blaisdell, supra.*

*Judgment reversed and cause remanded.*