STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Orange Unit                                          Docket No. 22-CV-893

Branchwood Housing LLP,        )
    Plaintiff                    )
                            )
    v.                           )
                            )
Anna Tabor,                    )
    Defendant.                   )

<u>Opinion and Order on Defendant's Motion To Dismiss</u>

Before the Court is a complaint for ejectment filed by Plaintiff Branchwood Housing LLP against Defendant Anna Tabor and those holding under her. Defendant has been a tenant in an apartment owned by Plaintiff since 2005, along with her son, Dylan Malcher. The apartment is federally subsidized and subject to Section 8 regulations. On December 20, 2021, Plaintiff sent Defendant a Notice to Vacate (the "Notice") by January 24, 2022. The grounds for termination are numerous, but stem principally from the common nucleus of an incident on November 19, 2021, where Defendant was allegedly seen smoking on the property in purported material violation of Defendant's lease. Defendant was alleged to have violated the lease by smoking on the premises on other occasions in prior years and allegedly had been repeatedly warned not to smoke at the premises. Defendant refused to vacate and continued to hold over the tenancy after January 24, 2022. Plaintiff filed the instant complaint on March 14, 2022.

1

On March 28, 2022, Defendant filed a motion to dismiss, asserting that Plaintiff failed to allege sufficient facts to state a claim for eviction; failed to attach a complete copy of the lease as required by law; failed to allege a sufficient basis for attorney's fees; and failed to terminate the occupancy rights of Mr. Malcher. As part of the failure to allege sufficient facts argument, Defendant made numerous sub-arguments, including: that each year represents a new lease term and violations from prior years cannot be held against Defendant; that the Notice was insufficiently factually specific and included stale claims to justify the termination; that the lease was not properly amended to include a no smoking clause; and that Plaintiff failed to allege good cause for termination as one instance of smoking is neither a serious nor a repeated lease violation.

Plaintiff filed an opposition on April 27, 2022. To Defendant's sub-arguments, Plaintiff contends that each term being a new lease is nonsensical; that the Notice was more than sufficiently specific; that even if the non-smoking rule was not properly amended, it was enacted in 2011 and at the latest would have been effective when the lease automatically renewed in 2012, and Defendant's smoking violates other conditions of her lease beyond just the nonsmoking clause; and that whether Plaintiff had good cause to terminate is a question of fact. To Defendant's remaining grounds for dismissal, Plaintiff argues that the lease was properly attached to the complaint, though certain portions were missing on account of how long Defendant had been a tenant, and that Defendant was aware of its contents. Plaintiff further argues that it is premature to address the issue of

2

attorney's fees, and that Mr. Malcher is not a tenant under the lease and is not a proper party to the action.

On May 12, 2022, Defendant filed a reply memorandum. Defendant argues broadly that a landlord's failure to adhere to statutory and regulatory requirements bars eviction and that Plaintiff has not adhered to federal regulations. Specifically, Defendant contends that Plaintiff has failed to allege a "serious or repeated violation of the lease" as required by federal law, and reiterates her previous argument that violations during past lease terms do not carry over to new terms. Defendant also reiterates her positions that the termination notice is insufficiently specific, that the full lease was not attached to the complaint, and that Plaintiff has not pleaded any grounds to evict Dylan Malcher from the property.

The Court now weighs the parties' arguments.

Standard of Review

Motions to dismiss for failure to state a claim are governed by Vt. R. Civ. P. 12(b)(6). Such motions to dismiss are disfavored and rarely granted. *Gilman v. Maine Mutual Fire Ins. Co.*, 2003 VT 55, ¶ 14, 175 Vt. 554, 557 (mem.). When reviewing a motion to dismiss for failure to state a claim, the Court "accepts all factual allegations pleaded in the complaint as true and all reasonable inferences from those facts." *Id.* (citing *Richards v. Town of Norwich*, 169 Vt. 44, 48-49 (1999)). The Court must view all such evidence in the light most favorable to the nonmoving party. *Rheaume v. Pallito*, 2011 VT 72, ¶ 2, 190 Vt. 245, 247. A motion to dismiss for failure to state a claim should not be granted "'unless it appears

3

beyond doubt that there exist no circumstances or facts which would entitle [the plaintiff] to relief.'"" *Assoc. of Haystack Property Owners, Inc. v. Sprague,* 145 Vt. 443, 446-47 (1985).

## Analysis

Accepting all facts in the complaint as true and viewing them in the light most favorable to Plaintiff, the Court concludes that dismissal is inappropriate.

1.    Violations Prior to the Present Lease

As to Defendant's argument that alleged earlier violations of the lease cannot be a basis for the present eviction because they occurred during a different lease year, the Court largely agrees. It does not find that it can dismiss the case on that basis, however. A contract that has been modified by addendum or additional agreements is a new contract that replaces the old one. *See Hill v. Scott*, 101 Vt. 356, 361, 143 A. 276, 278 (1928) ("The contract, when modified by the subsequent oral agreement, is substituted for the contract as originally made, and the original consideration attaches to and supports the modified contract." (internal quotation omitted)), *overruled, in part, on other grds, Duchaine v. Zaetz,* 114 Vt. 274 (1945); 17A C.J.S. *Contracts* § 557 ("An agreement, when changed by the mutual consent of the parties, becomes a new agreement.").

Even assuming *arguendo* that Plaintiff is correct that there may be circumstances where some violations can carry over between terms of an automatically renewing lease, the lease that Defendant is accused of violating in November 2021 is a different lease from the one she violated in November 2017. In

4

2017, in the aftermath of Defendant's smoking violation, Plaintiff and Defendant signed a new lease addendum, which created a new lease. Such a new lease operates to waive prior violations of prior leases such that a termination cannot be based on them. *See New Haven Housing Authority v. Kendrick*, 1982 WL 195395, at *1-2 (Conn. Super. Ct. 1982) (unreported mem.) (in context of federally subsidized apartment, eviction could not be based on violation occurring prior to modification of lease).[1]

As a result, for the purposes of this proceeding, there have not been repeated violations of the lease, and Plaintiff cannot sustain an eviction based on a theory of repeated violations of the lease.

But that does not end the matter. Plaintiff also contends that the November 2021 incident is sufficient, by itself, to support eviction because it considers smoking on the property a serious violation that also breaches other conditions of the lease beyond the nonsmoking rule. Whether one instance of smoking provides good cause to evict Defendant in this context is a question of fact the determination of which is beyond the scope of a motion to dismiss. *Rheaume*, 2011 VT 72, ¶ 4, 190 Vt. 245, 248 (questions of fact are improper to dispose of in a motion to dismiss). The Court will not dismiss on such a basis.[2]

---

[1] Thus, for example, the Court has no need to decide whether it may be possible for a landlord to base an eviction on a serious breach that occurs on last day of one lease term but can take no action until the new term has begun.
[2] The Court makes no determination at this point as to whether evidence of alleged prior violations and the interactions between the parties concerning smoking in general at the premises can be considered in assessing the seriousness of the alleged November 2021 breach.

## 2. Improper Amendment to Include No-Smoking Policy

Along similar lines, the Court finds that the allegedly improper implementation of the non-smoking policy does not provide valid grounds for dismissal. The rule in question went into effect over a decade ago, and, even assuming it was implemented improperly at the time, Defendant affirmatively agreed to be bound by its terms when Defendant signed the 2017 addendum and created a new lease.

## 3. Lack of Specificity Regarding the Alleged Violation

The Court also disagrees with Defendant's contention that Plaintiff's Notice was insufficiently specific to sustain an eviction. Under federal law, a notice of eviction must be "sufficiently specific … to enable the applicant to prepare rebuttal evidence to introduce at his hearing appearance." *Billington v. Underwood*, 613 F.2d 853, 862 (5th Cir. 1980); *Escalera v. New York Housing Authority*, 425 F.2d 853, 862 (2d Cir. 1970) (purpose of notice is to enable tenant to prepare a defense); *see* 24 C.F.R. § 247.4(a). An effective notice identifies the specific incident that formed a basis for the eviction, and "a brief factual statement concerning the incident." *Edgecomb v. Housing Authority of the Town of Vernon*, 824 F. Supp. 312, 315 (D. Conn. 1993).

Here, the Court finds that Plaintiff's description of the events is sufficient to maintain an eviction proceeding—it describes the specific incident that gave rise to the Notice, along with the specific date of November 19, 2021. Defendant's reliance on *Brattleboro Housing Authority v. Heger*, Docket No. 351-10-19 Wmcv, for the

6

proposition that Plaintiff's notice is deficient is not persuasive. In *Heger*, the landlord failed to detail or date any specific incident that created cause for eviction. Here, by contrast, Plaintiff has provided significantly more information.

As with determining the severity of the smoking violation, whether Plaintiff's evidence is credible and sufficient to show that Defendant violated the lease is a disputed question of fact that is beyond the scope of a motion to dismiss. The alleged facts are sufficiently specific to maintain the action at the threshold.

4.      The Failure to Name Dylan Malcher

Plaintiff's failure to name Dylan Malcher specifically in the complaint or to allege separate grounds for his ejectment is also not a basis for dismissal. Defendant has provided citations she argues support the fact that a landlord must provide specific grounds for eviction for each occupant of a property. *King's Corner LLC v. Cruz*, No. 206-4-16 Wrcv (June 23, 2016) ("The remedy of possession must be as to all tenants simultaneously."); *Peck v. Martin*, No. 643-9-10 Wncv (Aug. 18, 2011) (where landlord allowed tenant's wife to move in during tenant's lease and landlord accepted public funds for wife's occupancy, wife was entitled to due process of eviction proceedings).

While Defendant proffers that these cases are broadly concerned with all occupants, the Court finds their scope is narrower. Both *King's Corner LLC* and *Peck* specifically involved leases with multiple tenants, officially or *de facto* due to a landlord's acceptance of public funds for the party's occupancy. Here, at least based on the present record, Mr. Malcher's occupancy is based solely under and pursuant

7

to Defendant's tenancy agreement. In the lease, he is described as an "other occupant" or "household member." He never signed the lease, has no exclusive possessory interest, has no obligation to pay rent, and there appears no allegation that Plaintiff accepted rent from him on an independent basis. Under such circumstances, the Court cannot conclude that he is a tenant. *See* 49 Am. Jur. 2d *Landlord and Tenant* § 1 ("An occupant of a rental unit who does not have the right to exclusive possession and the concomitant obligation to pay rent does not meet the generally accepted common-law definition of a "tenant." (internal quotation omitted)); *see also* 9 V.S.A. § 4451(10) ("Tenant" defined as "person entitled under a rental agreement to occupy a residential dwelling to the exclusion of others.").

While a tenancy may arise impliedly or from operation of law in certain circumstances, *see, e.g.*, *Mayo v. Claflin*, 93 Vt. 76, 106 A. 653, 655 (1919) (describing the creation of a tenancy at will where landlord accepted rent outside of lease term), there is no evidence of the creation of such an independent tenancy as to Mr. Malcher in this case.

As a result, Mr. Malcher's right to residency is derivative of and contingent upon Defendant's ongoing tenancy. If her lease ends so does his right to reside on Plaintiff's property. Accordingly, Plaintiff was not required to name Mr. Malcher in the complaint or allege additional grounds to support ejectment as to him.

5.    The Failure to Attach the Full Lease to the Complaint

As to the allegation that Plaintiff failed to attach the full lease to the complaint, it appears that the sole missing portion of the lease is the boilerplate

8

Section 8 addendum mandated by federal law. Plaintiff appears to acknowledge that failure, noting that that portion of the lease, despite due diligence, cannot be located. Plaintiff alleges, however, that it is a standard form that uniformly accompanies federal leases. It also alleges that is has access to the standard Section 8 addendum that is applicable to the parties' lease.

The Court orders Plaintiff to file a supplement to its complaint containing the missing Section 8 addendum applicable to Defendant's lease within 21 days. The Court will not dismiss based on the failure to attach the addendum. *See McClellan*, 2017 VT 13, ¶ 39, 204 Vt. 252, 269. To the extent Defendant challenges the addendum's accuracy, it can be addressed as the case proceeds.

6.   Attorney's Fees

Finally, the Court agrees with Plaintiff that a motion to dismiss is an inappropriate vehicle to address potential claims for attorney's fees. In the absence of a specific motion for fees by Plaintiff, with citation to authority and factual support, and an opposition from Plaintiff, any ruling on such an issue would be premature and would likely be an improper advisory opinion.

## Conclusion

In light of the foregoing, the Court finds that dismissal is inappropriate. Defendant's Motion to Dismiss is denied. Plaintiff is ordered to supplement its filings with the missing Section 8 addendum within 21 days.

Electronically signed on Friday, June 17, 2022, pursuant to V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge

Vermont Superior Court
Filed 06/20/22
Orange Unit

10